## BOAK *v.* THE STATE OF IOWA.

The words "chaste character," in section 2586 of the Code, which provides for the punishment of any person who shall seduce and debauch an unmarried woman of previously chaste character, are not limited to chastity of person, but extend to the mind and sentiments of the person seduced.

And where on the trial of an indictment for seduction, the court charged the jury, that the words "previously chaste character, used in the statute, meant chaste in person—not having been previously debauched—and do not relate to the mind or sentiments of the woman;" *Held*, That the instruction was erroneous.

*Appeal from the Des Moines District Court.*

MONDAY, JANUARY 11, 1858.

The defendant was indicted under section 2586 of the Code, which provides for the punishment of any person who shall seduce and debauch an unmarried woman, of previously chaste character. The indictment charges the defendant, in the precise words of the above section, without the addition of any other terms in the description of the offence, with having committed the crime in relation to one Ann Hanson. A verdict of " guilty" was returned by the jury, and the defendant sued out his writ of error. The court instructed the jury, that the words " previously chaste character, used in the statute, mean chaste in person—not having been previously debauched—and do not relate to the mind or sentiments of the woman," to which instruction the defendant excepted, and he now assigns the same as error.

*C. Ben Darwin,* for the appellant.

*Samuel A. Rice,* Attorney General, for the State.

WOODWARD, J.—The point in this case, has been determined at the present term, in the case of *Andre* v. *The State of Iowa, ante,* 389. It is there held, that the words "chaste character," are not limited to chastity of person, but extend to the mind and sentiments of the person. The distinction, however, is clearly preserved between the terms " character" and " reputation," the former being restrained to its true signification of the actual qualities which belong to the individual. The subject being sufficiently fully considered in the above named case, it will not be necessary to enter into its discussion in the one at the bar. But as the opinion of the court in that cause, is not published, a portion of it is here quoted.

The court says:   " The language of the statute, is not a

woman of 'previous chastity,' but such, we should suppose, would have been its language, had this been the meaning intended. We suppose the word 'character,' was designed to have its proper force, and that, according to its true signification. If the statute is understood to require actual chastity, then a woman of lewd conversation and manners—guilty of lascivious acts, and of indecent familiarity with men—is an object of its protection, equally with one who is pure in mind and manners; and all the presumption arising from the commission of the act, would attach to the defendant in the one case, as strongly as in the other. We cannot think that a female who delights in lewdness—who is guilty of every indecency, and lost to all sense of shame—and who may be even the mistress of a brothel—is equally the object of this statute, (if she has only escaped actual sexual intercourse), with an innocent and pure woman, and that a man is equally liable under the law, in the one case, as in the other."

"The statute is for the protection of the pure in mind—for the innocent in heart—who may have been led astray—seduced—from the paths of rectitude. And the jury are the sole judges, in each case, who comes within this description. Under this construction of the statute, obscenity of language, indecency of conduct,, and undue familiarity with men, have more weight than under the other view. They serve to indicate the true character—they become exponents of it—and a defendant is not punished for an act with one, whose conversation and manners may even have suggested the thought, and opened the way to him, as he would be for the same act, with one innocent in mind and manners."

From the foregoing view of the statute, we are not, at present, disposed to depart, and are, therefore, under the necessity of regarding the above instruction as erroneous. But it is urged by the counsel for the state, that, as there was no evidence introduced which bore against the character of the prosecuting witness, the instruction was, in ef-

fect, merely limited to the only matter which remained for the defendant to show in his exculpation—that is, her actual want of chastity ; and that, therefore, he received no prejudice from it, even though it may be erroneous. This suggestion, upon the first thought, seems plausible, but, upon reflection, will be found untenable. It is said in the bill of exceptions, that there was no evidence introduced by the defendant, but it is further said, that there was other testimony than that of the woman, the substance of which is given. It is, therefore, manifestly beyond the province of this court to say, that there was not anything, and that too, even in her own testimony, upon which the defendant might have urged a more favorable consideration of his cause, had not the court restricted him to the showing of actual inchastity. This instruction cut him off from inquiry, and the jury from considering any facts save one, going to indicate the real character of the person complaining.

Another point is made by the defendant, with a view to arresting the prosecution of the cause. He urges that the words in the indictment, " did seduce and debauch," without more, are not sufficient to describe an offence. This question does not appear to have been presented in the district court, and we think there is not such a manifest defect, as to warrant the court in entertaining the motion now, in the first instance, on an assignment of error.

The judgment of the district court is reversed.