JAMES E. CROWELL *vs*. CHARLES PORTER.

In an action for labor in making a machine, in which the only issue was, whether, under
an agreement between the parties, the plaintiff was or was not to be paid for his labor,
and in which the plaintiff was a witness, evidence that the plaintiff gave the defendant
notice to terminate the agreement for the alleged reason of delay by the defendant in
fulfilling his part of the agreement, and that the plaintiff carried away and concealed
portions of the machine, which were afterwards recovered on a search warrant, is admis-
sible; but evidence that the plaintiff was bound over and indicted for stealing said por-
tions, the indictment being afterwards abandoned, is not admissible.

CONTRACT on an account annexed for labor and expenses. At
the trial in the superior court, before *Brigham*, C. J., it appeared
that an agreement in writing was made between the parties, that
the defendant should build a spinning-machine at his own ex-
pense, according to letters patent which had been obtained by the
plaintiff; that they afterwards entered into an oral agreement
that the plaintiff should superintend the construction of the ma-
chine, and the defendant should pay him the amount of his trav-
elling expenses and cash disbursements about it; and that the
defendant had paid the plaintiff more than that amount.

The plaintiff testified and contended that by the oral agree-
ment it was stipulated that the defendant should pay him four
dollars per day, in addition to his expenses, for the time spent in
superintending the construction of the machine. The defendant
testified and contended that the plaintiff volunteered to devote
his time to superintending the construction of the machine, if his
expenses should be paid, and that the defendant was not to pay
for it. This was the only issue to the jury.

" The defendant offered to prove, by cross-examination of the
plaintiff, and afterwards by his own testimony, that the plaintiff
gave him written notice to terminate the written agreement on
account of the delays of the defendant; and that the reason the
plaintiff gave for determining the contract was that the defend-
ant could not or did not promptly pay one Lane, the builder of
the machine, for the labor and materials used in building it.
And he also offered in evidence, and read during the cross-exam-
ination of the plaintiff, certain letters of the plaintiff to Lane.

to show that the defendant was not tardy in his payments to Lane, and that the plaintiff's declarations in these letters were inconsistent with his claim. The defendant, in cross-examination of the plaintiff, was permitted, against the objection of the plaintiff, to interrogate him as to certain of his acts while the machine was set up in Boston and its operation exhibited there ; and under such cross-examination the plaintiff testified that he took the flyers from the machine, and deposited them in the attic of his house in Chelsea, under advice of counsel, that he had a lien upon the flyers for his labor on the machine, and that he took them as security for the payment of such labor. The defendant was permitted, against the objection of the plaintiff, to introduce evidence tending to show that the plaintiff took from the machine one hundred and twenty flyers, and secreted them in his house ; that the defendant procured a searchwarrant, and went with an officer to search for the flyers ; that the plaintiff told them they could not find them, they were on the wrong track, &c. ; but that they did find them in the plaintiff's garret, covered up. He also offered to show that the plaintiff did not then claim a lien on the flyers for his bill for work done on the machine, and that the plaintiff was afterwards complained of before the municipal court of Boston for stealing the flyers, was bound over to appear for trial before the superior court, and was afterwards indicted for said stealing by the grand jury ; but the defendant admitted that the complaint or indictment was dismissed and abandoned before trial. To the introduction of all, or any part of this evidence, the plaintiff objected ; but the judge admitted the same." The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*G. W. Park*, for the plaintiff.

*A. Russ*, for the defendant.

MORTON, J. At the trial it appeared that the parties had made a written contract, by which the defendant was to build a spinning-machine, of which the plaintiff was the inventor and patentee ; and that afterwards they had orally agreed that the plaintiff should superintend the building of this machine. The plaintiff testified that the defendant agreed to pay him four dol

lars a day in addition to his expenses. The defendant testified that he was not to pay the plaintiff anything in addition to his expenses. This was the only issue before the jury. We are of opinion that the evidence offered by the defendant, to show that the plaintiff gave him notice to terminate the written contract, and the reasons assigned therefor; .that the plaintiff .arried away and concealed the flyers, being parts of the machine; and that they were recovered by means of a searchwarrant; was admissible. These were not entirely collateral and independent facts, but were acts of the parties in regard to the subject out of which the plaintiff's claim arose, and tended to show the relations of the parties as to this subject, and the feeling or bias under which the plaintiff testified.

But we are unable to see any principle upon which the evidence that the plaintiff was complained of, bound over and indicted for stealing the flyers, can be held to be competent. It was not admissible under the Gen. Sts. *c.* 131, § 13, to affect the credibility of the plaintiff as a witness, because there was no conviction. The complaint, the binding over and the indictment were acts of third parties which were not admissible in evidence against the plaintiff. The evidence was irrelevant and immaterial; but as it was calculated to prejudice the jury against the plaintiff, we think its admission furnishes just ground for granting a new trial.

*Exceptions sustained.*