West v. Druff.

WEST v. DRUFF.

1. **Evidence**: DAMAGES FOR SEDUCTION: FINANCIAL CONDITION OF PLAINTIFF. In an action to recover for the seduction of the plaintiff, evidence of her financial condition is not admissible to affect the question of damages.

2. ——: ——: CHARACTER OF PLAINTIFF. The character of the plaintiff for chastity being in issue, evidence of improper conversations or association with men prior to the alleged seduction is admissible.

3. ——: ——: INSTRUCTION. An instruction to the effect that the presumption in favor of chastity can only be overcome by clear and satisfactory evidence is erroneous.

*Appeal from Washington District Court.*

THURSDAY, DECEMBER 16.

ACTION by plaintiff to recover for her own seduction. There was a verdict and judgment for plaintiff in the sum of $2,500. Defendant appeals.

*J. F. McJunkin* and *Bonorden & Ranck,* for appellant.

No appearance for appellee.

BECK, J.—I. The petition alleges that plaintiff is "an unmarried female of previous chaste character," and that defendant did "seduce, debauch and carnally know her," whereby she "became sick and pregnant," therefrom "suffering great bodily pain and mental anxiety, shame and disgrace; that such seduction was brought about by reason of false promises and pretension of love and affection, kisses, caresses and devo-

ted attention for many months prior to the seduction, by which false promises and pretensions and tokens, plaintiff was persuaded to, and did, yield up her virtue to defendant." Defendant in his answer denies all the allegations of the petition, and avers that plaintiff was, at and prior to the time of the injuries alleged in her petition, a woman of unchaste character.

II.   In the progress of the trial plaintiff was permitted to show against defendant's objection that she was a poor girl, and had no means of support; that her father was poor, and what little he earned was not sufficient for the support of himself and daughter. The evidence was erroneously admitted. The right of plaintiff to recover does not depend upon her condition in life, neither is the amount of damages to which she is entitled dependent thereon. The plaintiff does not claim, nor did she attempt to show, that defendant availed himself of her poverty to effect her seduction. We know of no rule of law, or reason, which supports the admissibility of the evidence.

1. EVIDENCE: damages for seduction: financial condition of plaintiff.

III.   The plaintiff upon cross-examination was asked if she had not in conversation or correspondence with a certain man, used profane language and had not met him at a certain time in a grave yard. Objections to the evidence sought to be elicited were sustained. We think the evidence was competent. It would have tended to disclose the true character of plaintiff, which was in issue in the case.

2. ——: ——: character of plaintiff.

IV.   A witness testified to a conversation had with plaintiff, wherein she related that a certain man had taken improper liberties with her person and had improper conversation with her. This evidence was afterwards stricken out. We think it was competent and relevant.

We may remark that, as the plaintiff's character for purity was in issue, evidence tending to show impure conversation, and improper and familiar association with men, was competent as tending to establish her want of virtue. The char-

West v. Druff.

acter of the woman may be shown by evidence of this kind. Conversations, acts and associations are manifestations of character, and constitute the true index of the heart. The rulings above considered in excluding such evidence was erroneous. Other rulings in restricting the evidence in a like manner need not be separately considered.

V. The court gave an instruction to the jury in the following language: "The law presumes that the plaintiff, prior to her intercourse with defendant (if you find that he had intercourse with her), was of chaste character, and this presumption remains until it is overcome by clear and satisfactory evidence."

3. ——: ——.
instruction.

This instruction is clearly erroneous. The presumption of the law establishes *prima facie* the chaste character of plaintiff. This presumption is overcome by evidence sufficient to satisfy the jury that the plaintiff is unchaste. In other words the law imposes upon defendant the burden of establishing plaintiff's want of virtue. The character of the evidence demanded to overcome the presumption is such as will satisfy the mind of the jury that plaintiff is unchaste. No higher order of evidence, or fuller measure of proof, is required than to establish any other fact. The mind may be satisfied of the existence of any fact by less than what may be called clear proof. The proof, indeed, may be wanting in clearness and completeness, yet when considered in the light of experience and observation may satisfy the mind. And this is the simple test of the evidence applicable to the question of the plaintiff's chastity, as it is in most other cases. The proof need not be clear; it must be satisfactory to the mind of the jury. The instruction is, therefore, erroneous.

We find ourselves unable to agree upon one or two other questions. As the judgment of the District Court must be reversed for the errors above pointed out, these questions and others discussed by counsel need not be determined in this opinion.

REVERSED.