LAWRENCE MCLAUGHLIN vs. CHARLES COWLEY.

Suffolk.   January 14. — April 6, 1881.   COLT & FIELD, JJ., absent.

In an action for libel, evidence of particular instances of misconduct on the part of the plaintiff is inadmissible in mitigation of damages.

The fact that a party to an action has testified to the court on a preliminary question does not, after such question has been decided, warrant the introduction of evidence that he has pleaded guilty to an indictment charging him with a crime.

A defamatory statement contained in the declaration in an action, signed by counsel, if not pertinent or material to the issue, is not privileged; and, in an action of libel against the counsel, he cannot justify by showing his belief that it was true, the sources of his information, or his instructions from his client.

TORT.   The declaration contained eight counts.   The second count was for libel in accusing the plaintiff of the crimes of murder and adultery, in a declaration filed in the case of Nancy D. Leggate against Elbridge Moulton, signed by the defendant in the case at bar as attorney for the plaintiff in that case. This count and the answer thereto are printed in full in 127 Mass. 316, 317.   The third count was for an arrest and false imprisonment.   After the former decision, reported 127 Mass. 316, the case was tried in this court, before *Morton*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff proved that the defendant inserted the alleged libel in the declaration in the case of Leggate against Moulton, as attorney for the plaintiff therein; but offered no evidence of any special damages sustained by him thereby.   The defendant introduced evidence tending to show that, when he inserted the words alleged to be defamatory in that declaration, he did so in good faith, in the belief that they were pertinent thereto and were true; and that this belief was reasonably induced by, and was the natural consequence of, the plaintiff's own declarations to him.

The defendant offered in evidence the record of the plaintiff's plea of guilty to an indictment for cheating.   It appeared that no sentence was passed, but that the indictment was placed on file, by order of the court, upon payment of costs.   The plaintiff had testified to the court on a preliminary question, which had been disposed of, but had not been sworn as a witness in the cause.   The judge excluded the record.

The defendant then offered evidence tending to show the truth of certain allegations in the declaration in the case of Leggate against Moulton. The plaintiff did not contend that his declaration charged that said words were libellous; or if so, were sufficiently pleaded; and waived any and all claim against the defendant by reason thereof; and the judge excluded the evidence.

The defendant asked the judge to instruct the jury as follows: " 1. If the jury find that the defendant published the alleged libel in good faith, in the belief that it was pertinent to the action of Leggate against Moulton, and that it was true, then the jury should return a verdict for the defendant on the second count, notwithstanding the same is in itself impertinent, and notwithstanding it is in fact untrue. 2. Unless the plaintiff satisfies the jury that the defendant published the same out of mere malice toward the plaintiff, and for the mere purpose of defaming him, and without believing the same to be pertinent to the declaration in which it was inserted, the jury should return a verdict for the defendant on said second count. 3. If the jury find that the defendant published the alleged libel in consequence of information, which he received from the plaintiff, of the facts therein alleged, and relying on said information, and without malice, the jury should return a verdict for the defendant on said second count. 4. The alleged libel having been published in the course of judicial proceedings, and the plaintiff having neither alleged, nor proved, nor offered to prove, any special damage resulting therefrom, the jury should return a verdict for the defendant on said second count."

The judge refused so to instruct the jury; and ruled, as matter of law, that the alleged defamatory words were not privileged, and that, unless the defendant satisfied the jury that they were true, the jury should return a verdict for the plaintiff on the second count. The jury returned a verdict for the plaintiff on the second count in the sum of $1738.50, and on the third count in the sum of $400. The defendant alleged exceptions; and the plaintiff entered a discontinuance of the other counts.

*C. Cowley*, *pro se*, to the point that the instructions requested should have been given, cited *Lamb's case*, 9 Rep. 59 *l*; *Suydam*

v. *Moffat*, 1 Sandf. 459; *Todd* v. *Hawkins*, 2 Mood. & Rob. 20; *Hodgson* v. *Scarlett*, 1 B. & Ald. 232; *Mackay* v. *Ford*, 5 H. & N. 792; *Whiteley* v. *Adams*, 15 C. B. (N. S.) 392; *Padmore* v. *Lawrence*, 11 A. & E. 380; *Ring* v. *Wheeler*, 7 Cowen, 725; *M' Claughry* v. *Wetmore*, 6 Johns. 82; *Allen* v. *Crofoot*, 2 Wend. 515; *Hastings* v. *Lusk*, 22 Wend. 410; *White* v. *Carroll*, 42 N. Y. 161; *Marsh* v. *Ellsworth*, 50 N. Y. 309, 313; *Hendrickson* v. *Kingsbury*, 21 Iowa, 379; *Larned* v. *Buffington*, 3 Mass. 546; *Bradley* v. *Heath*, 12 Pick. 163; *Watson* v. *Moore*, 2 Cush. 133; *Hoar* v. *Wood*, 3 Met. 193; *Kidder* v. *Parkhurst*, 3 Allen, 393; *Atwill* v. *Mackintosh*, 120 Mass. 177; *Mower* v. *Watson*, 11 Vt. 536.

*C. R. Train*, (*W. F. Slocum* with him,) for the plaintiff.

SOULE, J.   The record of the plaintiff's plea to an indictment for cheating was properly excluded.   It was not competent in mitigation of damages, because it was not evidence as to reputation ; and it is well settled that evidence of particular instances of misconduct is not admissible for the purpose of showing the character of a party to be bad.   *Parkhurst* v. *Ketchum*, 6 Allen, 406.   It was not competent for the purpose of impeaching the plaintiff as a witness.   Even if the record was as evidence equivalent to the record of a conviction followed by sentence, as to which we express no opinion, the defendant could not introduce it, because the plaintiff was not a witness before the jury.   He had testified only to the court, on a preliminary question, which had been decided, so that there was no occasion for discrediting him as a witness.

The evidence tending to show the truth of allegations in the declaration in Leggate against Moulton, which were not charged by the plaintiff to be libellous, and for publishing which he did not ask for damages, was properly rejected.   It had no tendency to meet any issue in the case, and was merely evidence of particular instances of misconduct, which, as already stated, is not competent for any purpose.

At a former stage of this case, it was decided that the words in the declaration in Leggate against Moulton, which the plaintiff counts upon, were not published under circumstances which made them privileged, because they were not pertinent to the action, and that therefore the defendant could not justify by

showing his belief that they were true, the sources of his information, or his instructions from his client. *McLaughlin* v. *Cowley*, 127 Mass. 316. The ruling of the judge who presided at the trial was in precise accord with that decision, and all of the rulings asked for by the defendant and refused were in opposition to the law as therein settled. The question was then carefully and deliberately considered, and we find nothing in the argument of counsel, or elsewhere, which leads us to reverse or modify the opinion there expressed. *Exceptions overruled.*