State of Iowa v. O. L. Hale, Appellant.

**Liquor Nuisance: Sufficient Evidence.** A verdict of guilty will stand, where defendant was seen in and about a store room which had a bar, wherein intoxicating liquors had often been seized and the search warrants sometimes served on him, and where he once stated how long he was going to run there.

**Finding Liquor: Evidence.** The finding of liquors in such a place is presumptive evidence that a nuisance is being maintained. This presumption is not confined to cases arising under Code, 1542. Therefore, an instruction that finding liquors in such place is no evidence of defendant's guilt, was rightfully refused.

**Practice: Bringing in Jury.** After the jury had been out a short time, the court brought it in, interrogated it as to the cause of nonagreement and gave it additional instructions. *Held*, no abuse of discretion.

SAME. Part of said inquiry was made in the absence of defendant and his counsel. They could not be found. When counsel did come in, he made no objection till the inquiry was ended. *Held*, defendant was not prejudiced and is estopped to complain.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

THURSDAY, MAY 24, 1894.

DEFENDANT was indicted and convicted of a liquor nuisance, and appeals.—*Affirmed*.

*A. A. Haskins* for appellant.

*John Y. Stone,* Attorney General, and *Thos. A. Cheshire* for the state.

KINNE, J.—I. It is urged that the evidence is insufficient to support the verdict. It appeared that defendant was seen in and about No. 418 Court avenue; that the room was a business place; that the front part was partitioned off, and used as a restaurant; that the partition was about five or six feet high; that the back part of the room contained a bar, and that beer and other intoxicants had been often seized there; that when searches were made in that place for intoxicating liquors the warrants were sometimes served on the defendant; that he once stated how long he was going to run there. It appears also that defendant was sometimes seen in this back room. From all the evidence, the jury were warranted in finding defendant guilty.

II. Defendant complains of the refusal of the court to give an instruction asked by him, the gist of which was that the finding of beer in the room in question could not in any way be used to connect the defendant with the place and nuisance, if one existed, and that the presumption raised by the statute from the finding of liquors did not extend to, in any way, establishing the connection of the defendant with the establishing or maintaining of a nuisance. The jury were properly instructed by the court as to what facts they must find in order to convict the defendant. Besides, we think the instruction, as framed, was objectionable in that it conveyed the idea that the finding of liquors in that room was *no* evidence that they were owned or kept for sale by the defendant. Being in a room occupied and used by him, the finding

of liquors there was presumptive evidence that they were owned or kept by him for illegal purposes.

III. It is insisted that, in a prosecution for maintaining a liquor nuisance, no presumption arises from finding intoxicating liquors; that such presumption only arises when the proceeding is under Code, section 1542. Our statute provides: "In all actions, prosecutions and proceedings under the laws of this state prohibiting the illegal manufacture and sale of intoxicating liquors, the finding of such liquors, except in the possession of one legally authorized to sell the same or except in a private dwelling house, which does not include or is not used in connection with a tavern, public eating house, restaurant, grocery, or other place of public resort, shall be presumptive evidence that such liquors were kept for illegal sale; and proof of actual sale shall be presumptive evidence of illegal sale." Acts, Twenty-first General Assembly chapter 66, section 8. Under this statute, the instruction complained of was correct. *State v. Fleming*, 86 Iowa, 294, 53 N. W. Rep. 234.

IV. The jury retired to deliberate on its verdict at 10:30 o'clock A. M., December 6, 1892, and was called into the court room at 2:45 P. M. of the same day. The jury was questioned by the court with a view of ascertaining whether its disagreement related to a matter of law or fact, and, it appearing that the differences arose out of a disagreement as to both the law and facts, the court gave it a further instruction as to the law, and it again returned to the jury room. During the time that the jury was in the court room the defendant was not present, and his attorney came in during the course of the investigation. It is insisted that there was such misconduct on the part of the trial court as to require us to reverse this cause. The defendant was not required to be present, though it would have

been proper for him to have been notified of the proposed action of the court. It seems, however, that his whereabouts were not known. Code, section 4351. That counsel was not advised of the court's action before the jury was brought in, appears to have been his own fault. He could not be found. Counsel who are interested in a cause in which a jury is deliberating know that they may be wanted at any moment, and must either be in attendance at court, or advise the court or proper officers where they can be found. Judicial proceedings can not stop because of a failure of counsel to do their duty in this respect.

Even after defendant's counsel arrived in the court room, he made no objection to the conduct of the court, or to the questions being propounded, until after the whole inquiry had been concluded. That was too late to prevent the evil, if any resulted. We do not think the defendant is in a situation to complain after permitting the questions to be asked and answered without objection. Certainly, his counsel, after he arrived, should have taken the usual steps to prevent the further progress of the examination of the jury by the court, and not have waited until the conclusion of the entire inquiry. It does not appear that this jury made any request to be called before the court for any purpose, and it had been out but a short time. There is no doubt that when a jury makes known to the court the fact that it can not agree, and ask to be discharged, or when it asks for further instructions, or when it has been out a long time without reaching an agreement, and perhaps in other cases, the court may have it brought in, and may inquire as to the probability of its reaching an agreement, and how they are divided as to numbers, and how long they have stood numerically the same. It is proper, also, to ascertain if their disagreement is touching the law or facts, and, if the parties consent thereto,

the court may have the testimony about which the disagreement arises read to the jury. Such inquiries are necessary to advise the court as to the propriety of discharging the jury. While, ordinarily, the court would not be warranted, on its own motion, in bringing in a jury when it had only been deliberating four or five hours, still no arbitrary rule as to time can be established. It will depend upon the character of the case, the number of witnesses whose testimony must be considered, and the like. The case at bar involved but few facts; the testimony was brief; the witnesses were few; and, under all the circumstances, a verdict should have been reached within a short time after the jury retired. Such matters are so largely within the discretion of the trial court, that we should not interfere, unless it clearly appears that there has been an abuse of that discretion. We can not say that the court, in view of all the circumstances, erred; and, if it did, we do not think that defendant is in a situation to complain. In any event, we are of the opinion that the defendant was not prejudiced by the action of the court. Code, section 4538. We discover no reversible error. AFFIRMED.