## TIMOTHY SULLIVAN *vs.* LOWELL AND DRACUT STREET RAILWAY COMPANY.

Middlesex.    November 14, 1894. — January 2, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Loss of the Services and Society of the Plaintiff's Wife — Evidence.*

In an action by a husband for the loss of his wife's services and society, occasioned by an injury alleged to have been received by her through the defendant's negligence, if evidence of disturbed marital relations at particular times is admitted, but confined by direction of the judge to the question of damages, and the jury find for the defendant, the plaintiff has no ground of exception.

TORT, for the loss of the services and society of the plaintiff's wife, and for expense incurred by him in providing surgical attendance for her, occasioned by an injury alleged to have been received by her on April 30, 1891, while a passenger on one of the defendant's cars, through the negligence of the defendant and its servants. Trial in the Superior Court, before *Bishop*, J., who allowed a bill of exceptions, in substance as follows.

The plaintiff introduced evidence tending to show that his wife received severe injuries by the negligence of the defendant, its agents or servants, as set out in his declaration; and that he had expended money for medicines and for the services of physicians who attended his wife on account thereof.

The defendant introduced evidence tending to show that there was no negligence upon its part, or on the part of its agents or servants, as the plaintiff contended.

The alleged injuries sustained by the wife consisted of a rupture, some six or seven inches in length, extending along the central line of the abdomen, and a fracture of the collar bone.

The defendant contended that the injuries were occasioned by the acts of the plaintiff, and were not due to anything happening while the wife was a passenger on its car; that the rupture was an old one, of some months' standing prior to April 30, 1891; and, in support of this contention, the defendant, without objection, introduced in evidence the testimony of a neighbor of the

plaintiff, one Mrs. Helliwell, who testified that, upon a certain day in January, 1890, she was called into the plaintiff's house, where the plaintiff's wife was on her back on the floor, and the plaintiff had hold of her feet and was kicking her with his boots on, and kicked her twice after the witness went in, while the wife put her hands to her back and leaned over to the right side, and the plaintiff called her crazy; and that these kicks were not upon that portion of her person where the rupture was.

The plaintiff introduced in evidence, without objection, testimony of his family physician and others, that his wife, prior to April 30, 1891, had been of a naturally sanguine, cheerful temperament; and that since that time her disposition and general demeanor had undergone a change, so that she was depressed, nervous, and melancholy. The plaintiff contended that this change was due to the injuries, and should enter into the question of damages, as lessening the value of her society.

The defendant put in evidence, without objection, the record of the plaintiff's conviction, on September 18, 1890, of the offence of drunkenness.

The defendant then called as a witness one Quinn, the police officer who made the arrest on which such conviction was had, and, on direct examination, asked him to state the circumstances of the arrest.

The plaintiff objected, but the witness was permitted to testify that on the occasion of the arrest he was accosted, about eleven o'clock at night while on his beat, by one of three women who stood on the sidewalk in front of the plaintiff's house, and one of whom was the plaintiff's wife, but that he thought she did not herself call him ; that, in consequence of what they said, he effected an entrance for them into the house, which was locked, and he found the plaintiff inside in an intoxicated condition ; that he had a scuffle with him ; that the plaintiff then, in his wife's presence, complained of her actions ; and that he then arrested the plaintiff for drunkenness.

The defendant also called as a witness another police officer, one Ryder, who, against the plaintiff's objection, was permitted to testify that on two separate occasions, both shortly prior to the time of the arrest above mentioned, he had been called to the plaintiff's house, and had there found more or less confu-

sion, and the plaintiff in an intoxicated condition; and that, at the wife's request, he had endeavored to calm the plaintiff.

The plaintiff excepted to the admission of the evidence of both witnesses.

The evidence of Quinn and Ryder was introduced by the defendant in mitigation of damages, by tending to show such relations between husband and wife as indicated that the husband did not avail himself of the companionship and society of the wife, the loss of which was alleged, and prevented the same; and the judge in his charge instructed the jury to regard it only as bearing on the question of damages. The plaintiff excepted to this instruction.

There was no evidence in the case, otherwise than is above recited, that the plaintiff ever did or offered to do violence to his wife, or that their relations as husband and wife had ever been interrupted.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*N. D. Pratt*, for the plaintiff.

*G. F. Richardson*, for the defendant.

HOLMES, J.    The evidence objected to, whether admissible or not, was confined to the question of damages by the express and repeated directions of the judge.   It was not let in generally, as in *Ellis* v. *Short*, 21 Pick. 142, *Crowell* v. *Porter*, 106 Mass. 80, and *Maguire* v. *Middlesex Railroad*, 115 Mass. 239.   In *Brown* v. *Cummings*, 7 Allen, 507, the evidence was let in generally, and naturally would affect the amount of damages found by the jury. See *Anthony* v. *Travis*, 148 Mass. 53, 59.   Ordinarily, it must be assumed that the jury follow the instructions which they receive. *Commonwealth* v. *Ham*, 150 Mass. 122.   And although this assumption may not prevent the granting of a new trial when the inevitable effect of inadmissible evidence is to prejudice the objecting party's whole case and testimony, as in *Miller* v. *Curtis*, 158 Mass. 127, we do not regard such an effect as likely here. Evidence of disturbed marital relations at particular times had no bearing on the questions whether the plaintiff had lost his wife's services, or the defendant had been negligent.

*Exceptions overruled.*