STATE OF IOWA, Appellee, v. HARRY WILCOXEN, Appellant.

**JURY:** Competency—Client of Public Prosecutor. A juror is not subject to challenge in a criminal cause because he is the client of the public prosecutor.

**SEDUCTION:** Evidence—Association With Other Men. In a prosecution for seduction, the accused may, on the issue of chastity and on the issue whether he and prosecutrix were engaged, show that, during the time of the claimed engagement, the prosecutrix was continually keeping company with other men. (See Book of Anno., Vol. 1, Sec. 12970, Anno. 82, 90, *et seq.*)

**SEDUCTION:** Chastity—Indecent Language and Conduct. The accused under a charge of seduction may, on the issue of chastity, show that prosecutrix was given to the use of indecent language and to the telling of obscene stories. (See Book of Anno., Vol. 1, Sec. 12970, Anno. 35 *et seq.*)

**CRIMINAL LAW:** Course and Conduct of Trial—Presence of Accused. An accused in a charge of felony *must* be present when the jury is given additional instructions.

Headnote 1: 35 C. J. p. 324. Headnote 2: 35 Cyc. pp. 1350 (Anno.), 1354. Headnote 3: 35 Cyc. p. 1348. Headnote 4: 16 C. J. p. 815; 17 C. J. p. 353.

*Appeal from Fremont District Court.*—J. S. DEWELL, Judge.

DECEMBER 15, 1925.

THE defendant was convicted by a jury under an indict-ment charging seduction. After a motion for new trial was overruled, he appeals.—*Reversed.*

*Earl R. Ferguson,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

ALBERT, J.—I. On the *voir dire* it was developed that one of the jurors had the county attorney under employment in a civil matter, and the juror was challenged by the defendant on this ground. The material part of Section 13830, Code of 1924, is as follows:

1. JURY: competency: client of public prosecutor.

"A challenge for cause may be made by the State or defendant * * * for any of the following causes: * * * 5. Standing in the relation of * * * attorney and client, master and servant, or landlord and tenant, or being a member of the family of the defendant, or of the person alleged to be injured by the offense charged * * *."

It will be noted in the reading of this section that, if the relation of attorney and client exists between a juror and the defendant, or between the juror and the person alleged to be injured by the offense charged, in either event it is cause for challenge, and the fact that the juror and the county attorney stand in the relation of attorney and client is not a cause for challenge, within this section of the Code. We have so held in the case of *State v. Carter,* 121 Iowa 135. Further, the record does not show that the juror about whom complaint is made, sat in the trial of the case.

The prosecutrix claims that the seduction charged was brought about by a promise of marriage, based on a previous engagement which extended over some time. To meet this allegation, the defendant offered testimony showing that, during the time prosecutrix claimed the engagement existed, she was constantly in the company of other young men, going about with them at various

2. SEDUCTION: evidence: association with other men.

times of the night to dances and public resorts. This testimony was objected to, and the objection sustained. This was error. The evidence was admissible for whatever it was worth on the question of whether or not an engagement existed between these parties, and such evidence was also admissible on the question of her previous chastity. *State v. Brown*, 86 Iowa 121; *State v. Baldoser*, 88 Iowa 55; *State v. Davis*, 193 Iowa 651; *State v. Clemons*, 78 Iowa 123; *State v. Dolan*, 132 Iowa 196.

II. Defendant tendered testimony to show that prosecutrix was given to the use of indecent language and to the telling of obscene stories. The court held that this testimony was not admissible. We have held otherwise in *West v. Druff*, 55 Iowa 335; *Boak v. State*, 5 Iowa 430; *Andre v. State*, 5 Iowa 389. See, also, 35 Cyc. 1331 (II). This would also go to the question of whether or not the prosecutrix was of previously chaste character. Chaste character is not limited alone to unlawful sexual intercourse, but means purity of mind and innocence of heart. *State v. Valvoda*, 170 Iowa 102; *State v. Price*, 157 Iowa 412; *State v. Carson*, 185 Iowa 568.

3. SEDUCTION: chastity: indecent language and conduct.

III. The court called the jury in, after they had had the case under consideration for a number of hours, and delivered additional instructions to them, in the absence of the defendant. Section 13806, Code of 1924, provides:

"If a felony is charged, the defendant must be personally present at the trial, but the trial of a misdemeanor may be had in his absence, if he appears by counsel."

It is a settled rule of law that, under these circumstances, the defendant was entitled to be present at the giving of these additional instructions, and the failure to so have his presence is reversible error. *Havenor v. State*, 125 Wis. 444 (104 N. W. 116); *Booth v. State*, 65 Tex. Cr. 659 (145 S. W. 923); *Jones v. State*, 26 Ohio St. 208; *Bailey v. Commonwealth* (Ky.), 71 S. W. 632; *Roberts v. State*, 111 Ind. 340 (12 N. E. 500); *Pearson v. State*, 119 Ark. 152 (178 S. W. 914); *State v. Beaudin*, 76 Wash. 306 (136 Pac. 137); 2 Wharton's Criminal Procedure 1944, Section 1483. It is held that the right of the defendant to be present cannot be waived by his counsel. *Shipp v. State*,

4. CRIMINAL LAW: course and conduct of trial: presence of accused.

11 Tex. App. 46; 16 Corpus Juris 818; 8 Ruling Case Law 90, Section 48.

The State relies on *State v. Hale*, 91 Iowa 367, where a somewhat similar set of circumstances is discussed. The *Hale* case is not applicable to the present situation, for the reason that the charge was maintaining a liquor nuisance, which, under the statute at that time, was a misdemeanor, and under the section above quoted (which was the same at that time as in the Code of 1924), the trial could be had in his absence, if he was represented by counsel.

The State further cites the case of *State v. Olds*, 106 Iowa 110. In that case it is said:

"It appears from a statement in the record, not found in the judge's certificate, that, on one occasion, when the jury was brought before the court, and reported that it had not been able to agree on account of a difference respecting a question of fact, the court said to the jurors: 'This is a case that it is very important that a verdict should be arrived at; and, while you have been out for quite a long while, I feel that it is the duty of the court to ask you to retire again, and make an earnest effort on the part of each one of you to arrive at a verdict, and in the meantime I shall consider the matter, and see if there is some additional instructions that I may be able to give you, that may help you some in arriving at a verdict. You may retire with your bailiff.' "

There is nothing to show that this occurred in the absence of the defendant or his counsel, and the comment of the court on it is:

"There was nothing in what was thus said and done of which the defendant can justly complain."

There is nothing in the decision of the *Olds* case inconsistent with our holding in the present case.

Some other matters are discussed, but they probably will not arise on a retrial of the case.—*Reversed.*

FAVILLE, C. J., and EVANS and MORLING, JJ., concur.