**STATE of Iowa, Appellee,**

v.

**Dale LeRoy SNYDER, Appellant.**

**No. 57103.**

Supreme Court of Iowa.

Nov. 13, 1974.

James U. Mellick, Waukon, for appellant.

Richard C. Turner, Atty. Gen., Darby Maria Coriden, Asst. Atty. Gen., Des Moines, and Calvin R. Anderson, County Atty., Decorah, for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REES and HARRIS, JJ.

REES, Justice.

Defendant was charged by county attorney's information with the crime of assault with intent to commit murder in violation of section 690.6, The Code, 1973. He was tried, convicted, sentenced, and now appeals. We reverse and remand the case for further proceedings.

During the evening hours of May 21, 1973 Michael D'Antuono, a Decorah police officer, while driving an unmarked police car, on routine patrol, heard the squealing of auto tires and saw a car turn into a supermarket parking lot. A few moments later he saw the automobile, traveling at a high rate of speed, turn onto highway 9 and proceed in a westerly direction out of the City of Decorah. Officer D'Antuono pursued the automobile, with his red light and siren operating, at speeds of up to 110 miles an hour. About 11 miles west of Decorah defendant's automobile left the highway on a gravel road about three and a half miles east of the westerly Winneshiek County line. Coming over a rise, D'Antuono and his companion, Howard Smith, an auxiliary Decorah policeman, observed defendant's car parked on the right side of the gravel road. They proceeded on past the car, turned around and came back to the place where defendant's automobile was parked, where they observed two men in the ditch alongside the road. As the officers pulled up at the roadside to a position proximate to the ditch where the two men were standing, one of the men fired a gun toward the police car. Officer D'Antuono returned fire, and then noticed one of the men lying on his face in the ditch with a shotgun to his left side, and the other man standing about 20 feet west of the prostrate man. About that time officers from the Cresco police department answering the radio call from Officer D'Antuono arrived, and one of the Cresco officers went into the ditch and retrieved the shotgun. Defendant was identified as the man lying on his stomach in the ditch, and it later developed he had been wounded in the leg in the exchange of gunfire.

Following arraignment of defendant and the entry of his plea of not guilty and other pretrial proceedings, venue was changed to Delaware County on motion of defendant. At the close of plaintiff's evidence and again at the conclusion of all the evidence, defendant's counsel moved for a directed verdict of not guilty on the grounds there was insufficient competent evidence to generate a jury question on the charge of assault with intent to murder Michael D'Antuono, or on any of the lesser included offenses referred to in the court's instructions to the jury. Following the verdict defendant moved in arrest of judgment and for a new trial, both motions being overruled by the court.

Defendant here assigns two errors which he contends require a reversal:

1) There was not sufficient competent evidence to generate a jury question on the charge of assault with intent to murder Michael D'Antuono, or on any of the lesser included offenses; and

2) The court erred in overruling defendant's motion for arrest of judgment, and in the alternative, for new trial.

■ I. We have reviewed the record and are satisfied there was sufficient competent evidence to justify the submission of the case to the jury. We perceive no merit in defendant's first assignment of error.

II. The grounds upon which defendant bases his second assignment of error are manifold. Succinctly summarized, they are:

(a) The court erred in holding that its response to a note handed the court while the jury was deliberating was not an "instruction" which had to be given in open court in compliance with §§ 777.19 and 784.-2, The Code, 1973, and that such holding denied defendant a fair trial.

(b) The court erred in giving Additional Instruction No. 1 because defendant, who was incarcerated in the Delaware County jail, was neither present nor given an opportunity to be present as required by § 777.19, The Code, 1973, even though defendant's counsel requested defendant's presence.

(c) The court erred in giving Additional Instruction No. 1 to the jury while deliberating because it was not given to the jury in open court in the presence of the county attorney and defendant's counsel, or defendant, as required by § 784.2, The Code, 1973, and in refusing to allow the request of defendant's counsel to object to the giving of Additional Instruction No. 1.

(d) The manner in which the court gave Additional Instruction No. 1 to the jury was so tainted with suspicion as to constitute prejudicial conduct and reversible error.

(e) The court erred in giving Additional Instruction No. 1 because it was contradictory and opposed to Instruction No. 16, and tended to confuse or mislead the jury.

(f) The court erred in refusing to give defendant's requested Instruction No. 2, touching defendant's sanity and intoxication defenses.

(g) Court erred in overruling defendant's motion in limine and to suppress evidence relating to defendant's alleged statements and admissions that he was sorry he had shot Officer D'Antuono because he liked him, and that he (defendant) was the one who shot Officer D'Antuono rather than his companion on the night of the incident in question.

(h) Court erred in admitting into evidence a map of Winneshiek County, identified in the record as State's Exhibit No. 1, for the reason that the same was not properly authenticated, was based on hearsay and was not the best evidence.

(i) The court erred in failing to make detailed and specific findings with respect to the voluntariness of defendant's alleged statements and admissions in ruling on defendant's motion in limine and motion to suppress statements and admissions.

(j) The court erred in not permitting defendant's counsel sufficient opportunity to

examine Officer D'Antuono outside the presence of the jury for the purpose of determining underlying factual issues bearing on the voluntariness and competency of statements made by defendant.

This case was submitted to the jury at 2:20 p. m. on October 31, 1973. Trial court instructed the jury *inter alia* in Instruction No. 16 as follows:

"INSTRUCTION No. 16

"To convict the defendant of the crime of assault with intent to commit murder, the State must prove beyond a reasonable doubt each of the following propositions:

"Proposition No. 1. That defendant Dale LeRoy Snyder committed an assault on the person of Michael D'Antuono.

"Proposition No. 2. That defendant then and there had a specific intent.

"Proposition No. 3. That said specific intent was to kill Michael D'Antuono.

"Proposition No. 4. That said specific intent to kill was with malice aforethought.

"Proposition No. 5. That said act occurred in Winneshiek County, Iowa, on May 21, 1973.

"If each of the foregoing propositions is shown by the State beyond a reasonable doubt by the evidence before you, then the crime of assault with intent to commit murder has been proven.

"If, however, any of the foregoing matters are not thus shown by the State then the crime of assault with intent to commit murder has not been proven and you shall proceed to consider the next included offense."

After the jury had been in deliberation about three hours, a note was sent to the trial judge via the bailiff requesting the trial judge to clarify Instruction No. 16. The note read as follows:

"COMMUNICATION FROM JURY

"Under Instruction # 16 proposition # 3 'That said specific intent was to Kill *Michael D'Antuono*' can we interpret this to mean that said specific intent was to kill *the driver of pursuing car*. Russell L. Schnittjer"

Upon receipt of the above note, the trial judge immediately notified counsel for the State and for the defendant, who joined him in chambers. No record was made of the proceedings in chambers by the reporter, but a bill of exceptions submitted by defendant's counsel and certified by the trial judge appears in the record. According to the bill of exceptions, defendant's counsel requested that defendant be brought over from the Delaware County jail for "the hearing" in chambers in connection with the court's response to the handwritten note delivered by the bailiff. Trial judge then advised counsel that defendant's presence was not necessary because the jury's handwritten note called for an "answer" by the court rather than an "instruction". Trial judge then dictated to the court reporter his "answer" to the jury's note. The reporter then typed same under the caption, "Additional Instruction No. 1" and returned it to the trial judge, who in turn presented copies to counsel for the State and for the defendant. Trial judge then refused to hear objections by defendant's counsel to the additional instruction, indicating the original would become a part of the record, and directed the bailiff to deliver the additional instruction to the jury. It read as follows:

"ADDITIONAL INSTRUCTION NO. 1
"MEMBERS OF THE JURY:

"In answer to your question about Instruction No. 16, Proposition No. 3, the answer is—

"That if you find that the driver of the pursuing car was Michael D'Antuono, you can interpret Paragraph 3 as you have done. It is not necessary that at the time of the incident that defendant knew that the name of the driver was Michael D'Antuono.

"BY THE COURT:
"5:55 P.M.

"/s/ Karl Kenline
"Judge
"1st Judicial District of Iowa."

■ We deem the distinction trial judge sought to indulge between an "answer" and an "additional instruction" to be without significant difference. We find support in this conclusion in prior decisions of this court defining communications to the jury as instructions when the information contained in such communications relates, as it does in Additional Instruction No. 1 under consideration here, to matters bearing on the evidence which the jury is considering and the law applicable thereto. See State v. Register, 253 Iowa 495, 502, 112 N.W.2d 648, 653.

Section 777.19, The Code, 1973, provides in pertinent part:

"If a felony is charged, the defendant must be personally present at the trial * * *."

In construing an identical statute [Section 13830, The Code, 1924], we held the defendant is entitled to be present at the giving of additional instructions and the failure to have him so present constitutes reversible error. State v. Wilcoxen, 200 Iowa 1250, 1252, 206 N.W. 260, 261, and citations.

Counsel for the State suggests *Wilcoxen* is no longer the law in Iowa, and cites State v. Register, *supra*, as supporting this contention. The State contends a new trial is warranted where the defendant is absent when additional instructions are given *only* if the record is silent or affirmatively establishes defendant was prejudiced by the giving of additional instructions. This, the State argues, is the "modern" rule and the one adopted in the majority of other jurisdictions. We do not agree this is the state of the law and believe counsel for appellee underestimates the vitality of *Wilcoxen*. See State v. Cowman, 212 N.W.2d 420, 424 (Iowa 1973).

We further incline to the view the State's reliance on *Register, supra*, is somewhat misplaced since the discussion there dealt only with the question of prejudice in the context of § 784.2, The Code, and private communications between judge and jury, and not with the question of prejudice in the context of § 777.19, The Code, and defendant's right to be present at all stages of trial in felony cases. Therefore, *Register* has no direct bearing on defendant's absence at the time the additional instruction was given in the instant case, and whether his absence can be excused on the basis of a lack of prejudice.

The right of a defendant to be present when a trial court gives additional instructions to a jury in a felony case after the case has been submitted to the jury for deliberation is recognized in virtually every jurisdiction. For a compilation of the cases see Annot. 94 A.L.R.2d 270, 275–278. In discussing the right of a felony defendant to be present in open court in such circumstances, courts have variously expressed themselves, but never better than in Meece v. Commonwealth, 78 Ky. 586 (1880), where the court said:

"The presence of the accused may be, and certainly is, essential to the ends of justice in the trial of all criminal offenses when his life or liberty is involved. When instructions are given by the court, or when the jury, returning from their room, desire to be further instructed, the presence of the accused is of the greatest importance, as he may be able to suggest to the court or his counsel some information that would throw additional light on his defense. He should also be present that he may except to the ruling of the court."

And see 53 Am.Jur., Trial, § 943, p. 668.

■ While there may be some difference of opinion on the question whether absence of the accused when additional instructions are given in and of itself constitutes reversible error, we hold the better rule and the one adopted inferentially by us in State v. Register, *supra*, is that such absence gives rise to a presumption of prejudice necessitating reversal unless the record affirma-

tively shows the instruction had no influence on the jury's verdict prejudicial to the defendant. See also State v. Grady, 183 N.W.2d 707, 710 (Iowa 1971); Fina v. United States, 46 F.2d 643 (CA 10 1931); Ah Fook Chang v. United States, 91 F.2d 805 (CA 9 1939); State v. Burnetts, 80 Ariz. 208, 295 P.2d 377; Miles v. State, 222 Ind. 312, 53 N.E.2d 779; LaGuardia v. State, 190 Md. 450, 58 A.2d 913; Green v. State, 281 P.2d 200 (Okl.Cr.1955); State v. Grisafulli, 135 Ohio St. 87, 13 Ohio Op. 440, 19 N.E.2d 645. Cf. State v. Schifsky, 243 Minn. 533, 69 N.W.2d 89.

We also note many of the cases holding additional instructions given in the absence of a defendant did not constitute reversible error because no prejudice was shown involved situations, clearly distinguishable from the factual situation in the instant case, where the additional instructions consisted of the mere repetition or restatement of the original charge. For a discussion of such cases, see Annot., *supra*, at pp. 287–288.

■ We must hold § 777.19, The Code, 1973, necessarily assumes prejudice to the defendant. Therefore, the burden rested on the State to show defendant had not been prejudiced by the giving of Additional Instruction No. 1 in the defendant's absence in this case, and not upon the defendant to show affirmatively he had been prejudiced thereby. The State has made no showing the defendant was not prejudiced by the giving of Additional Instruction No. 1. The State contends the presence of defendant's counsel in chambers when the additional instruction was considered and prepared and submitted to the jury, vitiates any prejudice otherwise inherent from the fact of defendant's absence. A defendant's unexcused absence from any phase of a criminal trial cannot be rendered per se harmless because his counsel was at all times present to protect his interest. See Bustamante v. Eyman, 456 F.2d 269, 274–275 (CA 9, 1972). That defendant himself be at least afforded the opportunity to be present at all stages of his trial is an elemental corollary of the constitutional rights of due process and confrontation, subject to waiver, if at all, only in the most extraordinary situations. See Evans v. United States, 284 F.2d 393 (CA 6, 1969).

■ The failure of trial court to afford defendant the opportunity to be present at the time Additional Instruction No. 1 was submitted to the jury was error and necessitates reversal.

III. The other errors assigned by defendant involve matters not likely to recur on retrial of this case, and we deem it unnecessary to extend this opinion by a discussion of them.

This case is, therefore, reversed and remanded for a new trial.

Reversed and remanded.

All Justices concur, except HARRIS, J., who dissents.

HARRIS, Justice (dissenting).

I respectfully dissent. I join in condemning the trial court's refusal to accord defendant his right to be present in open court at the time the communication was forwarded to the jury. But I believe the record affirmatively shows defendant was not prejudiced by the error.

It was error for the trial court to answer the inquiry of the jury outside defendant's presence. It is of no importance whether the communication is called an answer to a jury question or an instruction. See 75 Am.Jur.2d, Trial, § 1001, pages 842–844. The effect of such an error is rightly set out in the majority opinion: " * * * [S]uch absence gives rise to a presumption of prejudice necessitating reversal unless the record affirmatively shows the instruction had no influence on the jury's verdict prejudicial to the defendant."

The record shows the jury was given a correct answer to their inquiry on a point of law. The majority makes no suggestion the communication was in error, only that it

was given in error because of defendant's absence. There is not the slightest suggestion the communication could or would have been improved or in any way altered had defendant been present. His counsel of course was present. Finally the record is clear the jury was unaware defendant was absent when the communication was forwarded.

I do not take lightly the violation of the statutes cited by the majority, both of which required defendant's presence. But I cannot believe defendant should be given a new trial when I can imagine no way in which the error affected the outcome of his first trial.

I would affirm.