## THE PEOPLE v. AGNES MILLER.

VERDICT IN DEFENDANT'S ABSENCE.—If a defendant, who is indicted for a felony, is absent from the Court room when the jury render a verdict of guilty, but returns immediately after, and before the jury is discharged, and it does not appear that he was prejudiced by reason of his absence, the verdict is not invalidated thereby.

CROSS EXAMINATION.—The cross examination of a witness should be confined to matters which have been elicited from him on his direct examination.

NEW TRIAL ON GROUND OF NEWLY DISCOVERED EVIDENCE.—If two are jointly indicted for a larceny, and one, tried separately, has reason to believe, if innocent himself, that the other is guilty, and has an opportunity on his trial to examine the other, and does not do so, he will not be granted a new trial on the ground of newly discovered evidence.

APPEAL from the County Court, City and County of San Francisco.

The defendant appealed.
The facts are stated in the opinion of the Court.

*James & Howe*, for Appellant.

*J. G. McCullough,* Attorney-General, for the People.

By the Court, CURREY, C. J.:

The defendant was indicted with one Ellen Quinlan for the crime of grand larceny, to which she pleaded not guilty, and upon the trial of the issue joined was found guilty and sentenced to imprisonment in the State Prison. She moved for a new trial on the following grounds:

First—That the verdict of the jury was rendered in her absence. Second—That the Court erred in matters of law on the trial to the defendant's prejudice. Third — That defendant had discovered evidence after the trial which, with reasonable diligence, she could not have discovered before then and which if produced and taken as true would have required a verdict of not guilty. The motion was denied, and judgment was then pronounced upon the verdict.

First—The evidence relating to the point first made was conflicting and the Judge who tried the cause and passed upon the motion did not express himself satisfied that the defendant was absent when the verdict was rendered. The statute provides that if the indictment be for a felony the defendant must appear in person before the verdict is rendered, (Crim. Prac. Act, Sec. 415,) and a verdict rendered against a defendant in such case when the trial has been had in his absence will be set aside upon motion for a new trial. (Ib. Sec. 440.) The trial was not had in the defendant's absence. She does not claim that she was absent except at the time when the jury came into Court and announced their verdict and while the same was being recorded by the Clerk. She was there, according to her own story, before the jury were discharged, and knew what the verdict was, and had the opportunity to demand the polling of the jury. It is not pretended she was in any manner prejudiced in respect to a substantial right by reason of her momentary absence; and, assuming that she was absent as claimed on her behalf, and that the proceeding which transpired during that interval was irregular, it must be held to be an error or mistake of

no injurious consequence to the defendant and in nowise rendering the verdict invalid. (Ib. Sec. 601.)

Second—The error of law which the defendant assigns as having occurred on the trial to her injury was, that the Court refused to allow the defendant to continue the examination of Ellen Quinlan, who was called as a witness on the part of the prosecution, and whose examination, after it had been commenced, was abandoned by the District Attorney. After the witness had commenced giving evidence, and before she had proceeded to any considerable extent, the District Attorney suggested to the Court his dissatisfaction and surprise at its tenor and effect and his entire want of confidence in its truth, and refused to examine her further. The defendant's counsel then asked her to proceed with her narrative, to which the District Attorney objected, maintaining that the examination of the witness on the part of the defendant should be confined at that stage of the trial to a cross examination as to the matter which had been elicited from her on her direct examination by the District Attorney. The Court sustained the objection, saying at the same time that, as to new matter, the defendant would make the witness her own. To this ruling the defendant excepted. Of the correctness of this decision we think there is no room for doubt. It was in accordance with well settled principles of the law and needs no argument in its support.

Third—The defendant, in support of the third ground on which she asked for a new trial, deposed that she had discovered subsequent to the trial that Ellen Quinlan had admitted that she stole the money for which the defendant was indicted and found guilty. That previous to the trial Ellen had denied her guilt and all knowledge of the larceny when interrogated by the defendant on the subject. In support of this cause for a new trial, an affidavit was made by Ellen Quinlan that she stole the money without defendant's knowledge of the fact, and kept the matter to herself until after the trial of the defendant, after which she pleaded guilty to petit larceny and restored the stolen money to its owner. Subsequently the said Ellen made another affidavit to the effect

that what she had deposed to as above stated was not true, and further that she had never told the defendant that she, Ellen, stole the money, and she alleged that her first verified statement on the subject was made without knowing that the affidavit contained it. The contradictory statements of Ellen Quinlan show that there is no substantial reliance to be placed in her testimony, and it is not necessary to have recourse to what she has said in order to determine the point under consideration. The defendant and Ellen Quinlan were indicted together for the crime for which the former was found guilty, and the circumstances which transpired at the time of the alleged larceny, as detailed by the witnesses, showed plainly that the defendant had good reason, if innocent of the crime herself, to believe that Ellen Quinlan was guilty; and she had an opportunity at the trial, in order to exculpate herself of the charge made, to examine Ellen in relation to the matter. Not having availed herself of the opportunity afforded, she cannot now say the evidence which she seeks to obtain on a new trial could not have been discovered by the exercise of due diligence.

The judgment must be and is hereby affirmed.

Mr. Justice RHODES did not express an opinion.