No. 13,375.

## ROBERTS v. THE STATE.

CRIMINAL LAW.—*Instruction to Jury.*—*Invasion of Province of Jury.*—An instruction to the jury in a criminal cause, to the effect that, under the evidence adduced, if they find the defendant guilty, it is an aggravated offence, and that they have the right to fix a proper penalty, is an invasion of the province of the jury, and erroneous.

SAME.—*Presence of Prisoner Throughout Trial.*—In a criminal prosecution, where the offence charged is punishable by death, or by confinement in the State prison or county jail, the defendant must be personally present during the trial, unless he in some way waives the right, and if any substantial part of the trial is had in his absence without his consent, notwithstanding the presence of his counsel, it is such an error as requires a reversal of the judgment on appeal.

SAME.—*Instructing Jury Part of Trial.*— *Withdrawal of Erroneous Instruction.*— Instructing the jury is a part of the trial, and if the jury, after retirement, are called back into the court-room, and an erroneous instruction withdrawn or corrected by a statement of the court, in the absence of the defendant, who is charged with a crime of the class above mentioned, it is error.

From the Vigo Circuit Court.

*J. R. Courtney,* for appellant.

*L. T. Michener,* Attorney General, *D. W. Henry,* Prosecuting Attorney, *D. N. Taylor, W. B. Hord* and *J. H. Gillett,* for the State.

ZOLLARS, C. J.—Appellant was convicted upon a charge of burglary, and sentenced to the State prison for a period of seven years.

The seventh instruction given by the court was as follows: "Under the evidence in this cause, if you find the defendant guilty, it is an aggravated burglary, and you have a right to fix a proper penalty."

That the instruction was erroneous, because it invaded the province of the jury, and was, in effect, an instruction to them to inflict a severe penalty, seems clear. For analogous cases see *Cline* v. *Lindsey,* 110 Ind. 337, and cases there cited.

After the jury retired, and had had the case under consideration for some time, the trial court had them recalled to the court-room, and having stated to them that he had given the above instruction, repeating it, instructed them further, as follows: "I want to say to you, that I' guess this is not correct, and you will disregard it. It is a question for the jury to determine the nature of the crime, and the punishment they will inflict therefor."

The foregoing was clearly an instruction. To withdraw a charge given, and instruct the jury that it is not the law and should be disregarded by them, is as much an instruction as the giving of the charge in the first place. Here, not only was the instruction withdrawn as not being the law, but the jury were further instructed that it was for them to determine the nature of the crime and the punishment to be inflicted. See *Stephenson* v. *State*, 110 Ind. 358.

When the jury retired in the first instance, appellant was returned to the county jail. He had no notice that the jury were to be recalled, nor that they were recalled for further instructions, and was not present when they were recalled and the further instruction given.

Was the giving of the instruction in his absence such error as requires the reversal of the judgment?

The statute provides, section 1786, R. S. 1881, that no person prosecuted for any offence punishable by death, or by confinement in the State prison or county jail, shall be tried unless personally present during the trial. In such cases, the presence of the defendant's counsel does not meet the requirement of the statute. He must be personally present, unless he in some way waives that right. Such is the positive requirement of the statute. No court can dispense with it. If the trial, or any substantial part of it, is had in the absence of the accused without his consent, the statute is violated and his rights invaded.

Such an invasion can not be regarded by the courts as a harmless error. Instructing the jury is clearly a part of the

trial. If one instruction may be given in the absence of the accused and without his knowledge, there is no good reason why the whole of the instructions may not be given in his absence and without his knowledge. And if this court, looking to one instruction so given, may say that the giving of it in the absence of the accused did not affect his substantial rights, and was, therefore, a harmless error, there would seem to be no good reason why, looking to all of the instructions in the case, given in the absence of the accused, the giving of them did not affect his substantial rights, and was, therefore, a harmless error. To treat such errors as harmless would be to entirely overthrow the statute.

Some of the States have statutes similar to ours, but whether such statutes exist or not, the holdings have generally been, that the trial in a felony case can not proceed to any substantial extent in the absence and without the consent of the accused; and that to so proceed with the trial in his absence is an error for which the judgment must be reversed. 1 Bishop Crim. Proc., section 273; *State* v. *Wilson*, 50 Ind. 487 (19 Am. R. 719); *Maurer* v. *People*, 43 N. Y. 1; *Goss* v. *State*, 40 Texas, 520; *Prine* v. *Commonwealth*, 18 Pa. St. 103; *State* v. *Buckner*, 25 Mo. 167; *State* v. *Barnes*, 59 Mo. 154; *Rolls* v. *State*, 52 Miss. 391; *Dodge* v. *People*, 4 Neb. 220; *State* v. *Hughes*, 2 Ala. 102; *People* v. *Perkins*, 1 Wend. 91; *Holliday* v. *People*, 4 Gil. (Ill.) 111; *Clark* v. *State*, 4 Humph. (Tenn.) 254; 1 Chitty Crim. Law, 411; *Graham* v. *State*, 40 Ala. 659; Wharton Crim. Pl. & Pr., section 714.

The above statute, in relation to the presence of the accused in criminal prosecutions, is no less emphatic and unqualified than is the statute requiring the court to charge the jury in writing, upon the request of the defendant. In construing that statute we have been constrained to hold that a violation of it by giving a part of the instructions orally, can not be treated as a harmless error. The reasoning by

which that conclusion was reached is applicable here. See *Stephenson* v. *State, supra.*

On account of the error in instructing the jury in the absence of appellant the judgment must be reversed.

Other questions have been discussed, but as they are not likely to arise upon another trial, they need not be decided.

The judgment is reversed, and the clerk is directed to make the proper order for the return of appellant.

