(No. 19726.—▮▮▮▮▮▮▮▮▮▮▮

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN McGRANE, Plaintiff in Error.

*Opinion filed October 19, 1929.*

DENNIS J. COLLINS, and ARCHIE G. KENNEDY, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, LATHAM CASTLE, State's Attorney, and GEORGE P. O'BRIEN, for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

John McGrane was convicted in the circuit court of DeKalb county of an assault with intent to murder John P. Conroy. He prosecutes this writ of error for a review of the record.

On March 25, 1928, the plaintiff in error, John McGrane, was fifty-four years of age, unmarried and resided at Clare, in DeKalb county. He was a laborer, and had been employed by the Chicago Great Western Railroad Company. John P. Conroy also resided at Clare and was the railroad company's station agent at that point.

The prosecution's evidence tended to show that prior to March 25, 1928, Conroy had found fault with the work of the plaintiff in error at or near the railroad station, and that the two men quarreled whenever they met thereafter; that on the morning of the day mentioned, which was Sunday, Conroy and his wife were in an automobile on their way to church about half a mile south of Clare when the plaintiff in error emerged from the rear of a building, carrying a shot-gun, and came to the center of the highway;

that when Conroy's automobile reached a point within four hundred feet from the plaintiff in error, the latter held the gun in front of him; that, as the car approached, he stepped aside to permit it to pass, and that, after the car had passed, he fired and several shot struck the rear of the automobile. Neither Conroy nor his wife was injured.

The evidence offered by the defense was, in substance, that prior to March 25, 1928, trouble had arisen between the plaintiff in error and Conroy; that whenever they met their differences were resumed but that Conroy was always the aggressor; that on the Sunday morning in question, the plaintiff in error had been hunting and met Conroy and his wife in the highway, but that he did not shoot at Conroy's automobile or the persons occupying it.

The contentions by which a reversal of the judgment is sought are: First, that the circuit court erred in the admission and exclusion of evidence; second, that the State's attorney and his assistant made remarks in their closing arguments which inflamed the jury against the plaintiff in error; third, that the circuit court gave prejudicially erroneous instructions requested by the prosecution; fourth, that proper instructions requested by the plaintiff in error were refused; fifth, that the circuit court instructed the jury in the absence of the plaintiff in error in violation of his constitutional rights; and sixth, that the evidence fails to show the plaintiff in error guilty beyond a reasonable doubt. Only the third and fifth of these contentions need to be considered to dispose of this writ of error.

At the prosecution's request, the court gave the jury the following instruction: "The jury are instructed that the rule requiring the jury to be satisfied of the guilt of the defendant from the evidence beyond a reasonable doubt in order to warrant a conviction is complied with if, taking the testimony altogether, the jury are satisfied beyond a reasonable doubt that the defendant is guilty. The reasonable doubt that the jury is permitted to entertain to au-

thorize an acquittal must be as to the guilt of the accused on the whole evidence and not as to any particular fact in the case not material in the case." Reviewing the same instruction in *People* v. *Cramer,* 298 Ill. 509, we said that it required the jury to determine what were the material facts or final essential elements of the crime with which the defendant was charged; that the question was a legal one and could not properly be submitted to the jury, and that such an instruction should not be given without in some way defining the essential elements constituting the crime for which the defendant was indicted. The same instruction was again condemned in *People* v. *Johnson,* 317 Ill. 430, where it was said: "While the law does not require proof of every fact in the case beyond a reasonable doubt, and the doubt to justify an acquittal must be as to the guilt of the accused on the whole evidence and not as to any particular fact, yet a reasonable doubt as to the existence of any particular fact necessary to constitute the crime requires a verdict of not guilty, and it is necessary to a conviction that the People should prove, beyond a reasonable doubt, every fact necessary to constitute the crime. If one such fact is not proved by the measure of proof required by law, then the crime itself is not proved so as to authorize a conviction. It is not correct to say that a reasonable doubt as to any particular fact in a case is not sufficient to justify an acquittal, without distinguishing between facts which are material and constitute a necessary element of the crime and those which are not so material and necessary." No other instruction defined the essential elements of the crime with which the plaintiff in error was charged, and under these circumstances the court erred in giving the instruction. *People* v. *Birger,* 329 Ill. 352; *People* v. *Rongetti,* 331 id. 581.

The jury retired to consider their verdict at 5:30 P. M. Five hours later the officer in charge of the jury brought the following communication to the judge: "Honorable

Judge, would it be a fair question to ask your honor the minimum and maximum sentence on both verdicts? C. W. Rimsnider, Foreman." The State's attorney and counsel for the plaintiff in error were present at the time and the judge stated that he thought the jury were entitled to an instruction on the question asked. He directed the officer to bring the jury into the court room, and in the absence of the plaintiff in error gave the following instruction: "The court instructs the jury in the language of the statute as follows: 'An assault with an intent to commit murder, rape, mayhem, robbery, larceny, or other felony shall subject the offender to imprisonment in the penitentiary for a term of not less than one year or more than fourteen years. An assault with a deadly weapon, instrument or other thing with an intent to inflict upon the person of another a bodily injury where no considerable provocation appears, or where the circumstances of the assault show an abandoned and malignant heart, shall subject the offender to a fine not exceeding $1000 nor less than $25 or imprisonment in the county jail for a period not exceeding one year, or both, in the discretion of the court.' " Counsel for the plaintiff in error excepted to the giving of the instruction. The jury retired and shortly before 11 P. M. returned the verdict upon which the judgment was rendered.

Section 9 of the bill of rights prescribes that in all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel. Section 8 of division 13 of the Criminal Code (Cahill's Stat. 1927, p. 953; Smith's Stat. 1927, p. 1021), provides that all trials for criminal offenses shall be conducted according to the course of the common law. By the common law the personal appearance of a person accused of a felony was required throughout the trial and it was also required that the record show the fact. (*Sewell* v. *People,* 189 Ill. 174; *Harris* v. *People,* 130 id. 457). The plaintiff in error was entitled to a public trial by jury, at every stage of which he

had the right to be present and in every part of which he had the right to participate for his protection. (*People* v. *Beck*, 305 Ill. 593; *People* v. *Harris*, 302 id. 590; *People* v. *Weinstein*, 298 id. 264; *Crabtree* v. *Hagenbaugh*, 23 id. 289; *Brown* v. *State*, 24 Ark. 620; *Roberts* v. *State*, 111 Ind. 340; *State* v. *Smith*, 44 Kan. 75; *Jones* v. *State*, 26 Ohio St. 208; *Hooker* v. *Commonwealth*, 54 Va. 763; 1 Bishop's Crim. Proc.—3d ed.—sec. 273; 2 Wharton's Crim. Proc.—10th ed.—sec. 1484). The giving of the instructions to the jury is a part of the trial and the accused person has a right to hear .the instructions read. Inquiry will not be made into the correctness of an instruction given in his absence, and the error is not cured by the presence of the defendant's counsel, since his attorney has no power to waive his right to be present in court. (*Bonner* v. *State*, 67 Ga. 510; *Maurer* v. *People*, 43 N. Y. 1; *Shipp* v. *State*, 11 Tex. Crim. App. 46). That right may only be waived by the defendant himself.

Defendant in error, however, relies upon *Crowell* v. *People*, 190 Ill. 508, asserting that it justified the trial court in giving the instruction in the absence of the plaintiff in error. In that case the court gave an instruction similar to the one of which complaint is here made, but there the defendant was in the court room, although ill and lying on a couch about fifty or sixty feet from the judge, and the instruction was read in a loud tone sufficient to be heard throughout the court room. In this case the plaintiff in error was absent from the court room, and his absence was neither voluntary, nor had he waived his right to be present. It follows that the giving of the instruction in his absence, after the jury had been recalled to the court room, was in violation of his rights.

The judgment of the circuit court is reversed and the cause is remanded to that court for a new trial.

*Reversed and remanded.*