## RAY v. STATE OF INDIANA.

[No. 26,214.   Filed November 23, 1934.]

*Fred A. Wiecking* and *Van L. Ogle,* for appellant.

*James M. Ogden,* Attorney-General, and *James T. Dowling,* Deputy Attorney-General, for the State.

MYERS, J.—Appellant, by indictment, was charged with the crime of bank robbery.  He was tried and convicted in the court below.  Judgment in accordance with the verdict of the jury, followed by sentence of fifteen years in the Indiana State Prison.  His motion for a new trial was overruled, and that ruling is here assigned as error.  For a reversal of the judgment he relies on the single cause, irregularity of the proceedings during the trial, brought to our attention by a bill of exceptions which shows that while appellant was detained away from the court room in the custody of the sheriff,

and out of the hearing of the proceedings in court, and without his knowledge and consent, and his absence unnoticed by the judge and all of the attorneys connected with the case, a witness on behalf of the state, over objections by his attorneys on grounds other than his absence, was permitted for about twelve minutes to testify before the jury, in substance, as follows:

My name is Clara Bond. Have lived on the corner of First and Main Streets in Albany for about thirteen years. My home is on the east side of Main Street at the southwest corner of the square, and the bank building is on the northwest corner of the square. The buildings are about a city block apart. At about nine o'clock A. M. on January 3, 1931, the witness stated, she was in the north bedroom of her home on the west side of which is a window. On looking out of the window she saw an automobile which she in a general way described. It was about 30 or 35 feet from the window and standing still. The motor was running. She heard a machine door slam before she saw the car, but did not know it was the door of that car. She saw someone in the car. Q. "Did you get a good look at this individual? A., Yes, sir." It was then discovered that appellant was not present and thereupon he was ordered brought into court. Defendant, being in court, moved "that the further submission of the cause be withdrawn from the jury" and that he be discharged because the trial had "proceeded in his absence and testimony of a witness heard while he was confined in the county jail and could not be present in court during any of the testimony of the witness now on the stand, and that the witness has given evidence material to the issues in the case." This motion, over objection and exception of the defendant, was overruled. The court then and there instructed the jury as follows: "The court instructs the jury that all testimony given up to this time

by the witness, Clara Bond, who is now on the stand and who is the only witness who has testified since the convening of court this morning, is now withdrawn from the jury and the jury will not consider such evidence so given by this witness up to this time for any purpose whatever in the case."

Appellant, in support of his contention that reversible error was committed by the court in refusing to sustain his motion, directs our attention to §2297, Burns 1926, §9-1801, Burns 1933, §2241, Baldwin's 1934; *Roberts* v. *State* (1887), 111 Ind. 340, 341, 12 N. E. 500; and *State* v. *Wilson* (1875), 50 Ind. 487, 19 Am. St. R. 719. Appellant was being tried for an offense punishable by confinement in the state prison, and therefore, according to the statute cited, he must be personally present during the trial unless he waives that right. In *Roberts* v. *State, supra,* it was said: "If the trial, or any substantial part of it, is had in the absence of the accused, without his consent, the statute is violated and his rights invaded." After the Roberts case had gone to the jury, the court, in the absence of the defendant, recalled the jury and re-instructed it as to the effect of one instruction previously given. In the case of *State* v. *Wilson, supra,* the jury, after more than thirty hours endeavoring to agree upon a verdict, in the absence and without consent of Wilson, was brought into court and by the court interrogated upon the probability of a verdict, resulting in the discharge of the jury. In each of the two cases cited, this court held that the action of the trial court was harmful error. These two cases do not control the decision of the instant case, for the reason that the result reached in each of those cases depended upon facts entirely different from the case at bar.

Referring to the statute above cited, true its purpose is to protect the rights of persons charged with crime.

It is mandatory in favor of the prisoner when it appears that any substantial part of the trial is had in his absence and without his consent. Consequently it would be reversible error for the court to permit the selection or challenging of jurors, or counsel to make the opening statement, or to hear the entire or any material part of the evidence, the argument of counsel to the jury, or for the court to instruct the jury or the jury to render a verdict, or for the court to sentence the defendant. As said in *Bond* v. *Commonwealth* (1887), 83 Va. 581, 587: "The prisoner has the right to be present in court at any and every stage of his trial 'when anything may be done by which he is to be affected.'" The record in the instant case discloses that the defendant being present in court, the cause was called for trial on the morning of October 26, 1931, a jury accepted and sworn on the 28th inst., and the examination and cross-examination of witnesses had and continued from day to day during the sessions of court until the morning of the 30th inst. when the above mentioned irregularity occurred.

One of the causes in our criminal code for a new trial is: "First. Irregularities in the proceedings of the court . . . by which the defendant was prevented from having a fair trial. Sec. 2325 Burns 1926, §9-1903, Burns 1933, §2310, Baldwin's 1934. Appellate courts have frequently said, in substance, that an erroneous action of a trial court is not necessarily sufficient to reverse a judgment unless it appears that some injury thereby resulted to the defendant. In other words, a mere error predicated upon an irregularity which is not shown to have a prejudicial effect upon a substantial right of the appellant, will not be regarded as having prevented a fair trial. In the instant case the evidence given by the witness in the absense of appellant, considered alone as we must do in the absence of any

further showing, did not in any particular or in connection with any other evidence connect appellant with the automobile standing near the house of the witness or have reference to any activity of the defendant. We have seen that the testimony of the witness was by the court withdrawn from the jury and the jury admonished not to consider her testimony for any purpose. Conceding that the examination of the witness during the few minutes absence of appellant was irregular, yet there is no showing that this irregularity affected any of his substantial rights. The sole contention of appellant is that he was denied a right and therefore injury must be presumed. To this contention we answer that an irregularity without resulting injury will not render a verdict invalid. *People v. Miller* (1867), 33 Cal. 99; *People* v. *Soto* (1884), 65 Cal. 621, 4 Pac. 664; *State* v. *McGraw* (1891), 35 S. C. 283, 14 S. E. 630; *State* v. *Grate* (1878), 68 Mo. 22; *State* v. *Clark* (1909), 36 Nev. 472, 135 Pac. 1083; *Willard, Exrx.* v. *Stauffer* (1930), 91 Ind. App. 119, 170 N. E. 332.

Judgment affirmed.