Zimmerman, J.
 

 In allowing the appellant’s motion for leave to appeal and in overruling the motion of the state to dismiss the appeal as of right, this court reached the conclusion that Section 12223-7, General Code, does not apply to felony cases, and is still of the same opinion. Section 13459-7, General Code, a part of the Code of Criminal Procedure, is controlling.
 

 The appellant, having- raised and argued in the Court of Appeals the constitutional question embracing his fundamental right to be present in person when additional instructions were given by the trial judge to the jury, is entitled to present that question to this court on appeal.
 
 State
 
 v.
 
 Hensley,
 
 75 Ohio St., 255, 266, 79 N. E., 462, 464, 116 Am. St. Rep., 734, 9 L. R. A. (N. S.), 277, 9 Ann. Cas., 108;
 
 Hoffman
 
 v.
 
 Staley,
 
 92 Ohio St., 505, 112 N. E., 1084;
 
 Board of Commrs. of Mercer County
 
 v.
 
 Deitsch,
 
 94 Ohio St., 1, 6, 113 N. E., 745, 746;
 
 Cuthbertson
 
 v.
 
 State,
 
 106 Ohio St., 658, 140 N. E., 941; 2 Ohio Jurisprudence, 528, Section 473; 12 Ohio Jurisprudence, 755, Section 742; 5 Corpus Juris Secundum, 1242, Section 1808.
 

 Section 10, Article I of the Ohio Constitution, a part of the Bill of Rights, provides substantially that in any trial for a felony, an accused shall be allowed to appear and defend in person and with counsel. And Section 13442-10, General Code, states in effect that no person indicted for a felony shall be tried if he is not personally present, unless he escape or forfeit his recognizance after the jury is sworn.
 

 In the opinion in the case of
 
 Thomas, Warden,
 
 v.
 
 *91
 

 Mills, 117
 
 Ohio St., 114, 119, 157 N. E., 488, 489, 54 A. L. R., 1220, 1222, it was said:
 

 “In its strict definition, the word ‘trial’ in criminal procedure means the proceedings in open court after the pleadings are finished and the prosecution is otherwise ready, down to and including the rendition of the verdict * *
 

 Based upon Section 11, Article VIII of the Constitution of 1802, providing “that in all criminal prosecutions, the accused hath a right to be heard by himself and his' counsel, * * *” Chief Justice Hitchcock, in the case of
 
 Rose
 
 v.
 
 State,
 
 20 Ohio, 31, 33, used this significant language:
 

 “We conceive it to be the right of an accused person to be present during the trial of his case, and at the return of the verdict, and we think that when deprived of these privileges by being imprisoned in a jail, or in any other improper manner, the verdict returned against him should not be followed by judgment or sentence of the court, but a new trial should be ordered if requested. ’ ’
 

 A question very similar to the one presented by the instant case was before this court in
 
 Jones
 
 v.
 
 State,
 
 26 Ohio St., 208. The
 
 per curiam
 
 opinion is short and reads:
 

 “We are unanimously of opinion, that on the trial of a felony it is error to proceed, at any stage of the trial, during the enforced absence of the accused, save only in the matter of the secret deliberations of the jury, and perhaps in the hearing of motions after verdict and before judgment.
 

 “It was the right of the plaintiff in error to be present at each and every instruction given to the jury as to the law of the case. This right was denied to him by reason of his imprisonment under the order of the court; and without inquiry as' to the correctness of the instruction so given in his absence, it will be presumed that he was prejudiced thereby.
 

 
 *92
 
 “Nor was the irregularity cured by tbe presence of bis counsel at tbe time the additional instruction was given, and bis failure to make objections. Tbe right of tbe accused to be present on tbe trial of such case cannot be waived by counsel.
 

 “Judgment reversed and new trial granted.”
 

 Compare, 12 Ohio Jurisprudence, 146, Section 110;
 
 Kirk
 
 v.
 
 State,
 
 14 Ohio, 511;
 
 Hulse
 
 v.
 
 State,
 
 35 Ohio St., 421, 429;
 
 State
 
 v.
 
 Hensley, supra; State, ex rel. Warner,
 
 v.
 
 Baer et al., Judges,
 
 103 Ohio St., 585, 134 N. E., 786.
 

 The holding in
 
 Jones
 
 v.
 
 State, supra,
 
 corresponds with tbe weight of authority. See:
 
 Shields
 
 v.
 
 United States,
 
 273 U. S., 583, 71 L. Ed., 787, 47 S. Ct., 478;
 
 Kinnemer
 
 v.
 
 State,
 
 66 Ark., 206, 49 S. W., 815;
 
 Stroope
 
 v.
 
 State,
 
 72 Ark., 379, 80 S. W., 749;
 
 People
 
 v.
 
 McGrane,
 
 336 Ill., 404, 168 N. E., 321;
 
 Roberts
 
 v.
 
 State,
 
 111 Ind., 340, 12 N. E., 500;
 
 State
 
 v.
 
 Wilcoxen,
 
 200 Iowa, 1250, 206 N. W., 260;
 
 State
 
 v.
 
 Myrick,
 
 38 Kan., 238, 16 P., 330;
 
 Riddle
 
 v.
 
 Commonwealth,
 
 216 Ky., 220, 287 S. W., 704;
 
 Duffy
 
 v.
 
 State,
 
 151 Md., 456, 135 A., 189;
 
 State
 
 v.
 
 Hunt,
 
 26 N. M., 160, 189 P., 1111;
 
 State
 
 v.
 
 James,
 
 116 S. C., 243, 107 S. E., 907;
 
 State
 
 v.
 
 Aikers,
 
 87 Utah, 507, 51 P. (2d), 1052; State v.
 
 Shutzler,
 
 82 Wash., 365, 144 P., 284;
 
 State
 
 v.
 
 Howerton,
 
 100 W. Va., 501, 130 S. E., 655; 96 A. L. R., annotation beginning on page 899; 16 Corpus Juris, 815, Section 2067.
 

 Compare,
 
 Scruggs
 
 v.
 
 State,
 
 131 Ark., 320, 198 S. W., 694;
 
 State
 
 v.
 
 Nardella,
 
 108 N. J. L., 148, 154 A., 834.
 

 It is contended by counsel for tbe state that since tbe question asked by tbe foreman of the jury bad no reference to Grisafulli, because be bad no sentence to serve and tbe jury knew it, be was not affected by tbe additional instructions and is not in a position to complain.
 
 Dekelt
 
 v.
 
 People,
 
 44 Colo., 525, 99 P., 330;
 
 Ray
 
 v.
 
 State,
 
 207 Ind., 370, 192 N. E., 751. However, tbe trial judge did not answer tbe question of tbe foreman
 
 *93
 
 directly, but proceeded to give an instruction which related with equal force to all three defendants.
 

 Counsel for the state place reliance upon Section 13449-5, General Code, which states that no new trial shall be granted or any conviction reversed unless it shall affirmatively appear from the record that the accused was prejudiced or was prevented from having a fair trial. There are many instances where this statute may be invoked, but not in a case which discloses the clear disregard of a constitutional prerogative.
 

 This country is still devoted to the ideals of democracy under which the legal rights of every individual must be recognized and protected. Among these rights is the inherent privilege of one accused of the commission of a felony to be present in person at every stage of his actual trial. If he is detained in prison against his will, such privilege is denied him. See,
 
 State
 
 v.
 
 Shutzler, supra
 
 (82 Wash., 365, 367, 144 P., 284, 285).
 

 We are not here concerned with a situation in which one not imprisoned or under physical restraint voluntarily absents himself from his trial.
 

 In view of what has' been said, it follows that the judgments of the Court of Common Pleas and of the Court of Appeals are reversed, and the case remanded to the former court for further proceedings.
 

 Judgment reversed and cause remanded.
 

 Williams, Myers, Matthias and Hart, JJ., concur.