The relators are afforded an adequate remedy at law by an appeal at the proper time. See *State, ex rel. Meyer,* v. *Conn et al., Judges,* 151 Ohio St., 8, 84 N. E. (2d), 213; 32 Ohio Jurisprudence, 572, Section 10.

The demurrer to the petition is sustained.

*Demurrer sustained.*

Miller, P. J., and Hornbeck, J., concur.

The State of Ohio, Appellee, *v.* Delzoppo, Appellant.

382

*Mr. Herbert R. Freeman,* prosecuting attorney, for appellee.

*Mr. Michael A. Picciano* and *Messrs. Carpenter &
Carpenter,* for appellant.

CARPENTER, J.  A verdict of guilty and sentence on a charge of grand larceny is the subject of this appeal on questions of law.  The several assignments of error have had consideration by the court and are found not sustained, except the sixth which charges the court with "irregular practice in giving instructions to the jury outside of the courtroom and in the absence of the defendant."

After the jury had deliberated for some time, the foreman, through the bailiff, reported to the court in writing that the jury was deadlocked, eleven to one. The jury was taken into court and after some discussion between the court and the foreman, the court directed the jury to continue its deliberations.

When the jury was conducted back to the jury room by the bailiff, the foreman gave the officer another note to the court which said:

"Your honor, one of our jurors requests to know what is meant by circumstantial evidence.  Please explain if it is in your power.

"E. T. Hay,
"Foreman."

This note was handed to the judge who, with the prosecuting attorney and counsel for the defense, was in the law library, which is across a small corridor

from the courtroom where the defendant, who was at liberty on bail, was waiting. After the judge and counsel had read the note, the judge wrote out his instruction on circumstantial evidence, gave it to the bailiff and directed him to take it to the jury, which was done. Shortly after that the jury reported that it had agreed, and was escorted to the courtroom; the verdict of guilty was returned and the jury was polled.

The complaint is that all the proceedings of the court in relation to this instruction took place in defendant's absence, in violation of his constitutional right to a public trial and to be present at it.

In four decisions the Supreme Court has spoken very definitely upon this question: *Kirk* v. *State,* 14 Ohio, 511; *Rose* v. *State,* 20 Ohio, 32; *Jones* v. *State,* 26 Ohio St., 208; *State* v. *Grisafulli,* 135 Ohio St., 87, 19 N. E. (2d), 645.

In all these cases the defendant was absent from the presence of the court because he was in jail at the time. The state here urges that those decisions do not apply because this defendant was not in jail, and was not under any restraint at the time the court and counsel were considering the instruction to be given the jury. He was under the restraint of ignorance of what was going on in his trial. No one claims that he had any notice or knowledge that a transaction in his trial was taking place in the law library. He was in attendance in court in the courtroom where he might well assume that if anything further was done incident to his trial, it would be done in the courtroom. Such circumstances as these were evidently in the contemplation of the court in *Rose* v. *State,* 20 Ohio, 32, when the court said, at page 34:

"We conceive it to be the right of an accused person to be present during the trial of his case, and at the return of the verdict, and we think that when deprived of these privileges by being imprisoned in a jail, or

*in any other improper manner*, the verdict returned against him should not be followed by judgment or sentence." (Italics added.)

In *Wilson* v. *State,* 2 Ohio St., 319, the accused was on bail and was voluntarily absent from the court when the verdict was returned, and the court in affirming the sentence, quoting the above from *Rose* v. *State, supra,* said: "Nor was he prevented by any improper means from being present." And in *State* v. *Grisafulli, supra,* the accused was in jail when additional instructions were given. On page 93, Judge Zimmerman recognized that the accused may "voluntarily absent himself from his trial." Delzoppo was not absent, but he knew nothing about what the court was doing.

In *Campbell* v. *Beckett,* 8 Ohio St., 210, a civil case, the jury, during its deliberations, asked additional instructions which the court gave in the absence of the plaintiff and his counsel and without even attempting to give them notice of what it was about to do. For this error the judgment was reversed. While this is different from the case at bar, it illustrates the importance the court attaches to the right of a litigant to know what is taking place in the trial of his case.

This being a violation of the accused's positive constitutional right to a public trial and to be present at it, his counsel could not waive it, and the fact that his counsel were in the presence of the court and participated in what was done did not cure the error—so said the court in both the *Jones* and *Grisafulli cases.*

For this prejudicial error, the judgment will be reversed and the cause remanded for further proceedings.

*Judgment reversed and cause remanded.*

Conn and Fess, JJ., concur.