Habt, J.
The Court of Appeals in reversing the judgment of the trial court, as disclosed by its opinion, took the position that the three judges stood in the same relation to the accused as a jury in a criminal *56 case, and that having the testimony read to them without the presence of the accused was equivalent to charging the jury in his absence.
The Court of Appeals in its opinion observed:
“It is clear that during this review of a portion of the testimony, the deliberation of the judges had been suspended and that this phase of the trial can be properly denominated ‘public’ and during which the defendant was entitled to be present.”
It is true that Section 13442-5a, General Code, prescribing the procedure when a jury trial is waived, provides, among other things:
“In any felony case, except cases involving a capital offense, wherein the defendant has waived a trial by jury, the defendant may file a request with the trial court for a trial before a court of three judges * * *. If tried by a three-judge court such judges or a majority of them shall have power to decide all questions of fact and law arising upon the trial and render judgment accordingly.”
What, if anything, was done here out of line with the procedure authorized in a jury trial? No complaint is made that the court reporter was called into the judges’ chambers during their deliberation. The judges were not, during their deliberation, under the custody of the bailiff or sheriff as is required in respect to a jury. The only error claimed is that some of the evidence given in open court in the presence of the accused was later reread to the judges. As the record shows and as is admitted by the parties, all this took place during the deliberation of the judges. No new evidence or information was received by them. The incident was comparable to the privilege which a jury has to read the pleadings and reread the exhibits presented in evidence and sent to it for its consideration during its deliberation in the jury room. The accused *57 in this case had no more right to be present at the deliberation of the judges than he would have had to be present at the deliberation of a jury if he had been tried before one. On this subject, in the case of Jones v. State, 26 Ohio St., 208, this court said:
“We are unanimously of opinion, that on the trial of a felony it is error to proceed, at any stage of the trial, during the enforced absence of the accused, save only in the matter of the secret deliberations of the jury, and perhaps in the hearing of motions after verdict and before judgment.” (Italics supplied.)
In that case, it was held that the court erred in giving additional instructions to the jury in the absence of the accused, where during its secret deliberation the jury returned to the courtroom in open court for such instructions. Clearly, that procedure was a part of the trial during which the accused was entitled to be present. This court reaffirmed this doctrine in the later case of State v. Grisafulli, 135 Ohio St., 87, 19 N. E. (2d), 645.
The judgment of the Court of Appeals is reversed and that of the Common Pleas Court affirmed.

Judgment reversed.

Weygandt, C. J., Middleton, Taet, Zimmerman, Stewart and Lamneck, JJ., concur.