[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} This is an appeal by defendant, Robert L. Vanblarcome, from a judgment of the Franklin County Court of Common Pleas following a jury trial in which defendant was found guilty of two counts of receiving stolen property.
 {¶ 2} On January 5, 2001, defendant was indicted on two counts of receiving stolen property, in violation of R.C. 2913.51. The case was tried to a jury beginning on May 17, 2001. Following the presentation of evidence, the jury returned verdicts finding defendant guilty of both counts of the indictment, and the trial court sentenced defendant by judgment entry filed on May 23, 2001.
 {¶ 3} On April 15, 2002, defendant filed with this court a motion for leave to file a delayed appeal. By entry filed on June 18, 2002, this court granted defendant's motion.
 {¶ 4} On appeal, defendant sets forth the following assignment of error for this court's review:
 {¶ 5} "The trial court erred to the prejudice of the defendant-appellant by conducting a critical stage of the trial outside the presence of the defendant and by failing to properly swear in the jury."
 {¶ 6} Under his single assignment of error, defendant asserts the jury in his trial was not properly sworn, as the transcript indicates an unknown female administered the oath. Defendant maintains that the failure of the trial judge or the clerk of the court of common pleas to administer the oath was in contravention of R.C. 2945.28, which states in part: "In criminal cases jurors and the jury shall take the following oath to be administered by the trial court or the clerk of the court of common pleas * * *." Defendant further argues the record suggests the oath was administered outside his presence; defendant maintains that the administration of the oath to the jury is a critical phase of the trial, for which he had a right to be present.
 {¶ 7} The transcript of proceedings indicates the following regarding defendant's claim that the jury was improperly sworn:
 {¶ 8} "Thursday Morning Session, May 17, 2001.
 {¶ 9} "Thereupon, a jury was duly impaneled and sworn.
 {¶ 10} "Thereupon, a luncheon recess was taken until 1:30 o'clock p.m., of the same day, to wit, May 17, 2001.
 {¶ 11} "Thursday Afternoon Session, May 17, 2001.
 {¶ 12} "THE COURT: She already swore you in out there?
 {¶ 13} "JURORS: Yes.
 {¶ 14} "THE COURT: Okay. She asked me, `Should I swear them out there?' I said, `I don't care.' So I apologize." (Tr. 3.)
 {¶ 15} We note at the outset the record is inconclusive as to who administered the oath, and whether or not defendant was present at the time it was administered. However, for purposes of review, we will assume the jury was sworn outside the presence of defendant and, apparently, the trial judge.
 {¶ 16} We first consider defendant's contention that the trial court failed to comply with the requirements of R.C. 2945.28. Neither side has referenced any case law construing that statutory provision. The state, however, cites the Ohio Supreme Court's decision in State v. Glaros (1960), 170 Ohio St. 471, a case which addressed the issue of the trial court's failure to comply with R.C. 2945.27, requiring the judge of the trial court to examine prospective jurors "under oath or affirmation" as to their qualifications. Under the facts of Glaros, the trial judge examined prospective jurors during voir dire, but no oath or affirmation was required before the jurors were examined, and no objection was made as to the failure to require the oath or affirmation. On appeal following the defendant's conviction, the appellate court reversed on the ground the trial judge erred in failing to place the prospective jurors under oath pursuant to R.C. 2945.27. Upon further appeal, the Ohio Supreme Court reversed, holding in relevant part:
 {¶ 17} "It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. * * *
 {¶ 18} "Unquestionably, the trial judge should have avoided the error of failing to have an oath or affirmation administered to prospective jurors, as required by Section 2945.27, Revised Code, just as a trial judge should avoid all errors in the course of a trial. If counsel for the defendant had requested the trial judge to avoid that error and the trial judge had refused to do so, then clearly this defendant should be able to rely upon such error as a ground for reversal of his conviction. * * * However, we do not believe that we should, without some good reason or unless required to do so by some applicable statute * * * approve a practice which would enable counsel to place his client in a position where he could take advantage of a favorable verdict and, at the same time, avoid an unfavorable verdict merely because of an error of the trial judge that counsel made no effort to prevent when he could have made such effort and when such error could have been avoided. Such a practice would enable counsel to obtain for his client more than the one fair trial to which he is entitled. * * *
 {¶ 19} "* * *
 {¶ 20} "Furthermore * * * there is nothing in the record in the instant case to indicate that defendant was in any way prejudiced by any false answer that a jury may have given on his voir dire examination. * * * It is not even suggested that any false answer was given by a juror on the voir dire examination of jurors. Hence, it is apparent that there is nothing in the record to show that the failure of the trial judge to have oaths or affirmations administered to prospective jurors before their voir dire examination could in any way have prejudiced the defendant." Id. at 475-476. (Citations omitted.)
 {¶ 21} Thus, in Glaros, the Ohio Supreme Court declined to hold that irregularities in the administration of oaths or affirmations to a jury constitute per se reversible error; rather, the court held that where counsel had the opportunity at the time to bring to the attention of the court any irregularities but failed to do so, and in the absence of any affirmative showing of prejudice on the record, an otherwise valid judgment of conviction will not be reversed. Id. at 480. See, also, State v. Agner (1972), 30 Ohio App.2d 96, 100, citing Glaros, supra (not having made any timely objection to the failure of the trial court to cause the statutory oath to be administered to the jury, appellants waived any error).
 {¶ 22} We conclude that the principles set forth in Glaros are controlling here, and we decline to hold that trial counsel can remain silent during the trial and then, following conviction, object to an irregularity and seek reversal absent a showing of prejudice. One court has noted that "[t]he jury oath is administered in order to insure that the jurors pay attention to the evidence, observe the credibility and demeanor of the witnesses and conduct themselves at all times as one would expect of those holding such a responsible position." State v. Underwood (Aug. 17, 2001), Mich. App. No. 221863. In the present case, defendant has not alleged any prejudice from the record of the trial proceedings. Here, the record indicates that the court's charge to the jury prior to deliberations emphasized the jurors' "sworn duty" to accept the instructions given, as well as the importance of the jurors' role in determining the credibility of the witnesses and deciding the case based upon the facts presented. Further, there is no indication that the jurors did not believe they were properly sworn or that they failed to appreciate the importance of the oath. Absent any affirmative showing of prejudice, and where defendant failed to bring to the attention of the court an alleged irregularity at a time when the court could have corrected it, we are unable to conclude that the court's claimed failure to comply with R.C. 2945.28 mandates reversal of the verdict.
 {¶ 23} As previously indicated, defendant also contends the jury was sworn outside his presence and that he was denied the right to be present at a critical stage of the proceedings. While defendant cites cases in which appellate courts have emphasized the importance of the presence of a defendant during phases in the trial involving a jury, none of the cases involved the administration of an oath to the jury. State v. Grisafulli (1939), 135 Ohio St. 87 (right to be present when jury, during deliberations on a verdict, returns to courtroom for further instructions as to the law); State v. Miller (Aug. 21, 1989), Preble App. No. CA89-01-001 (right to be present during jury selection).
 {¶ 24} Defendant maintains the error by the trial court is not harmless, based upon the assertion that the failure to properly swear the jury is a "structural" error. We disagree. A similar issue was raised in State v. Vogh (2002), 41 P.3d 421, in which the defendant argued that the failure to administer an oath amounted to structural error. The court in Vogh, supra, at 428, rejected this contention, holding in part:
 {¶ 25} "We can conceive of no reason to treat a failure to administer the oath to the jury as more fundamental in nature — and thus, `structural' — than the jurors' actual performance of their duties in conformance with that oath, or the jurors' eligibility or competence to be jurors. In so observing we do not denigrate the significance of the jury's oath or its value in `vindicat[ing] a defendant's fundamental constitutional rights to a fair trial before an impartial jury.' * * * But neither do we elevate it above the other aspects of our trial procedures that serve the same ends. The absence of the oath does not mean — at least not in any necessary way — that the defendant was unfairly tried. The oath does not stand alone as the sole procedure that guarantees that the jury will try the case based on the admissible evidence and the applicable law. To the contrary, numerous additional mechanisms serve the same purpose, including but not limited to voir dire, peremptory juror challenges, precautionary instructions channeling the jury's deliberations, the vigilance of an unbiased trial judge, and representation by competent counsel." (Citation omitted.)
 {¶ 26} Further, in State v. White (1998), 82 Ohio St.3d 16, 26, the Ohio Supreme Court stated:
 {¶ 27} "We have previously held that a defendant `has a fundamental right to be present at all critical stages of his criminal trial.' * * * However, the right to be present is not absolute. * * * Therefore, even if a defendant should have been present at a stage of the trial, '[e]rrors of constitutional dimension are not ipso facto prejudicial. * * * Prejudicial error exists only where `a fair and just hearing [is] thwarted by [defendant's] absence. * * *" (Citations omitted.)
 {¶ 28} Under the facts of White, supra, the appellant was not present at the hearing where proposed jury instructions were considered. The court concluded that appellant's absence during the hearing on proposed jury instructions did not deprive him of a fair trial, and the court utilized harmless error analysis concerning the claimed constitutional error, thereby implicitly finding that appellant's absence at that stage of the proceedings did not involve structural error.
 {¶ 29} We find the reasoning of Vogh and White to be persuasive in rejecting defendant's contention that the purported error in this case was structural. Even assuming that defendant was not present during the administration of the jury oath, the record fails to show that his absence during that portion of the trial affected the fairness of the proceedings or undermined confidence in the outcome. Accordingly, we find no merit to defendant's contention that the claimed error mandates reversal for a new trial.
 {¶ 30} Based upon the foregoing, defendant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
TYACK and DESHLER, JJ., concur.