*29
 
 Day, J.
 

 This is an action seeking to reverse the Court of Appeals of Medina county. The facts incident to the controversy, as disclosed by the record, are that Bert Shelley, plaintiff in error, was tried and convicted September 29, 1929, in the court of common pleas of that county upon a charge of illegal sale of intoxicating liquors, in violation of Section 6212-15, General Code; trial being had without the intervention of a jury. He was found guilty and sentenced to pay a fine of $1,300 and the costs of prosecution. Motion for new trial was filed October 2d, which was overruled on October 11th, and judgment for the fine and costs entered against the defendant, to which ruling of the court the defendant below, Bert Shelley, excepted and filed a motion in the Court of Appeals for leave to file a petition in error in that court, which was, “for good cause shown,” granted. On October 9, 1929, such petition in error was filed, and later summons issued thereon, November 6th, duty returned November 7, 1929.
 

 In the Court of Appeals when the matter came on for hearing, the petition in error was dismissed for want of jurisdiction of the subject-matter of the action, because summons on the petition in error was not issued within the time prescribed by law. An application for rehearing was filed, which was denied.
 

 - The entire controversy, in so far as the question presented to this court is concerned, relates to the single question whether or not the Court of Appeals had jurisdiction of the error proceeding in question.
 

 Section 6212-20, General Code, in part provides:
 

 
 *30
 
 “Such petition in error must be filed within thirty days after the judgment complained of, and the case shall be heard by such reviewing court within not more than thirty court days after filing such petition in error.”
 

 As heretofore stated, this case was tried without a jury, and the trial judge found the accused guilty and proceeded to pass sentence upon the defendant; the journal entry on September 30, 1929, reciting, in part: “It is ordered and adjudged by the court that said defendant, Bert Shelley, pay a fine of $1300, and the costs of this prosecution, and that he stand committed to the jail of Medina county, Ohio, until the amount of said fine and costs shall be paid or secured to be paid, or he be otherwise legally discharged.”
 

 In the case at bar, the journal entry of the trial court shows, under date of October 11, 1929: ‘ ‘ This cause now coming on for hearing, on the motion of the defendant for a new trial, the court, on consideration thereof, overrules the same; to which ruling of the court defendant excepts. Judgment for the fine and costs herein is hereby granted plaintiff against defendant; to which ruling of the court the defendant excepts.”
 

 This date, to wit, October 11th, became the effective date of the judgment against the accused, and he had thirty days from that date to avail himself of the provisions of Section 6212-20. The record showing petition in error on file, summons and return thereof within thirty days from October 11th, it follows that the Court of Appeals had jurisdiction to hear and determine this case.
 

 While other errors are complained of in the brief
 
 *31
 
 filed by plaintiff in error, we do not consider tbe same, bnt tbe cause is reversed and remanded to tbe Court of Appeals for further proceedings according to law.
 

 Judgment reversed and cause remanded.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias and Allen, JJ., concur.