**STATE OF OHIO, Plaintiff-Appellant v. GOSSLER et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

Nos. 3570 to 3623, Inc. Decided July 7, 1943.

588

Luther Day, Cleveland; Eagleson & Laylin, Columbus, for defendants-appellants and for the motion.

Ralph J. Bartlett, prosecuting attorney, Columbus, and William C. Bryant, asst. pros. atty., Columbus, for plaintiff-appellee and contra the motion.

### OPINION

By HORNBECK, J.

Submitted on motions of the defendants-appellees to dismiss the appeal herein for the reason that "said appeal was not perfected within the time limited by law".

The appeal in this case is being prosecuted by the State from a judment of the Common Pleas Court quashing the indictments against the defendants named in the foregoing numbered cases, namely, 3570 to 3623, inclusive.

The narrow question presented is whether or not the procedure as to the time within which the notice of appeal from the Common Pleas to the Court of Appeals shall be given by the State of Ohio from an adverse appealable order or judgment, is prescribed by §13459-4 GC. If so, then the notice of appeal having been filed within thirty days after the judgment, but more than twenty days thereafter, the time fixed by §12223-7 GC, is within time, and the motion should be overruled; otherwise it is filed too late and the motion must be sustained.

It is urged by the movants that §13459-4 GC, may not be given application, but that §12223-7 GC is the controlling section. It may be noted that, according to the codification under which our sections of the General Code are compiled, §12223-7 GC is found under Part Third, Title V, with the general heading, "Procedure on Appeal", beginning with §12223-1 GC, and ending with §12223-49 GC. These sections, in so far as they are specific in terms, treat of civil procedure, although they are not so designated.

Sections 13459-1 to 13459-14 GC are found in Chapter 38 of Criminal Procedure, but Chapter 38 was merely made to conform to the New Appellate Practice Act of Jan. 1, 1936. That Act, 116 O. L., 104 to 130, inclusive, was comprehensive in scope and included not only those sections which were enacted anew and carried into Title V, "Procedure on Appeal", but amended sections thereunder, and amended sections now carried in Chapter 38 under "Criminal Procedure". So that, the mere fact that a section of the Appellate Code is found in Title V, "Procedure on Appeal", does not preclude the application of the terms of such statutes to criminal procedure, if the language therein, in the light of the whole Appellate Act requires that such application be made.

As a matter of course, we start with the assumption that appellate procedure in criminal cases would be found under those sections compiled and codified under criminal procedure.

Section 13459-1 GC, the first section in Chapter 38 on appeals under Criminal Procedure, was not changed by the Appellate Procedure Act of January 1, 1936, but was a part of the Criminal Procedure Act passed April 1, 1929. This section is broad enough in purpose to include appeals to the Court of Appeals in criminal cases, either by a defendant who has been convicted and sentenced or by the State, if an appealable judgment or final order has been entered against it in the trial court. The statute provides:

"In a criminal case, including a conviction for the violation of an ordinance of a municipal corporation, * * * a judgment or final order of a court or officer inferior to the Court of Appeals, may be reviewed in the Court of Appeals; * * *." (Emphasis ours.)

This section was in effect when Eastman v State, 131 Oh St 2, was decided which held that the Court of Appeals has jurisdictional power, which may not be delimited by statute, under §6, Art. IV, Ohio Constitution, to review not only civil judgments but criminal judgments except when the latter involves the element of former jeopardy, under §10, Art. I, Ohio Constitution. The State has the right to prosecute appeal from a judgment in a criminal case, as defined in the preceding sentence. The decision in the Eastman case is grounded upon the constitutional authority granted to the Court of Appeals to review judgments of lower courts and gives no consideration whatever to §13459-1 GC.

The right of the State to an appeal both by statute and by the constitution is recognized, and it is conceded by the appellees. We examine the section of the Code succeeding §13459-1 GC to determine what provision has been set up to implement the State's right of appeal. If the method of effectuating the State's right of appeal from an appealable order in a criminal case is not set up by statute, then there is no way by which the right may be assured.

Section 13459-2 GC, contains no subject matter which could have application to an appeal by the State of Ohio.

Section 13459-3 GC provides:

"The proceedings to review such judgment or final order shall be by appeal which shall be instituted by filing notice of appeal with the court rendering such judgment or order, and with filing a copy thereof in the Appellate Court where leave to appeal must be obtained, * * *." (Emphasis ours.)

The quoted portion of this section, and all that follows thereafter, which we have not quoted, is broad enough to include an appeal from a judgment against the State of Ohio.

Section 13459-4 GC is the section which fixes the time within which the notice of appeal shall be filed and which must be controlling as to the appeal here, if it can by any of its terms be given application. It provides:

"Such appeal, unless otherwise provided, may be filed as

a matter of right within **thirty** days after sentence and judgment * * * ." (Emphasis ours.)

The judicial act which causes the statute to run is the sentence and judgment. The term, "such appeal", refers to a judgment or final order, made in a criminal case, (§13459-1 **GC**), of a court or officer inferior to the Court of Appeals and, thus far, could be construed to evince a purpose to include an appealable judgment or final order against the state of Ohio. "Unless otherwise provided", may be given application in the instant case only, if §13459-4 GC does not control, and, if so found, an appeal will be assured to the State only, if there is a provision for notice of appeal in a criminal case under §12223-7 GC. The defendants insist that the latter section so provides and is controlling here. We, of course, need only to determine if §13459-4 GC may be given application in this case.

The language from which much of the difficulty arises on the instant appeal is "after sentence and judgment", as employed in §13459-4 GC. If this language be given strict construction, then it must be said that the order in the instant case will not be included, because in no conception of the words can the order be designated as a sentence, although an appealable judgment.

At this juncture, we are met with the case of **State of Ohio v. Grisafulli, 135 Oh St 87,** and, particularly, the first syllabus thereof:

"**Section 12223-7 GC**, providing that an appeal to the Supreme Court must be perfected within twenty days, is without application to felony cases."

This language of the syllabus is taken verbatim from the first paragraph of Judge Zimmerman's opinion. If then, this pronouncement be given inferential application to this case, if the State cannot, under §13459-4 GC, perfect its appeal upon the notice there provided, there is no provision in the General Code whereby the State may be assured of the right of appeal recognized in Eastman v State, supra. Reading the syllabus in the light of the facts, it is authority only for the proposition, that where a defendant seeks to appeal to the Supreme Court from the affirmance of his conviction the procedure is controlled by §13459-7 GC. The attention of the Court in State v Grisafulli was focused upon Grisafulli's rights which were challenged by the motion of the State to dismiss his

appeal as of right, and it may be that the Court, inadvertently, used general language without giving any specific attention to the situation which would arise, if the State sought to perfect an appeal to the Court of Appeals from a judgment against it in the Common Pleas Court. We cannot dismiss lightly the two observations of Judge Zimmerman, one of which is carried into the syllabus, namely, that §12223-7 GC does not apply to felony cases, and the other, that §13459-7 GC, a part of the Code of Criminal Procedure, is controlling in appeals to the Supreme Court in felony cases. The Grisafulli case, in and of itself, is not such authority as would enable us to hold that the State in this case is protected in its procedure by §13459-4 GC, if we are remanded to strict construction of the terms "sentence" and "judgment", as found in the section.

Words & Phrases, Volume 38, page 601, refers to and cites many cases wherein it has been held, that a sentence is the judgment of a court and that "judgment" is synonymous with the word "sentence" and that final judgment in a criminal case is the sentence. These definitions all relate to cases where there was a sentence, which would not pertain to a case wherein the State failed, although the order in such situation might be final and appealable.

In this connection **Shelley v State, 123 Oh St 28** is interesting. Shelley was convicted and sentenced, which action was journalized; thereafter filed a motion for new trial which was overruled and judgment then entered for fine and costs. Shelley prosecuted appeal within time after the last entry but too late if the entry pronouncing sentence controlled. The Court held that the petition in error was filed within time. The procedure was under the section of the General Code then effective, §6212-20, which in part provided:

"Such petition in error must be filed within thirty days after the **judgment** complained of, * * * ." (Emphasis ours.)

The difference in the language in the foregoing section and in §13459-4 GC is apparent, but it is difficult to bring the opinion into harmony with the almost unanimous line of authority that sentence and judgment are synonymous.

**Section 12223-1 et seq GC,** are found in Part Third of the General Code, designated "Remedial", under Title V, Appellate Procedure, and §§13459-1 to 13459-4 GC, inclusive, are found in the Code, under Part Fourth; Penal, Title 11, Code of Criminal Procedure, Chapter 38. As to Part Third and Part

Fourth of the Code it is provided, §§10213 and 12368 GC, that, in the interpretation of said parts of the Code, "and" may be read "or", and "or" read "and", if the sense requires it. This is in conformity to the general rule of statutory construction.

37 O. Jur. 582.

Elliot Grocery Co. v Fields Pure Food Market, Inc., et, 286 Mich. 112, 281 N. W. 557.

People v Harrison, (Mich.), 160 N. W. 623.

Knoxville v Gervin, (Tenn.), 89 S. W. (2d), 348, 103 A. L. R. 878.

Liberty Mutual Ins. Co. v Jones, (Mo.), 130 S. W. (2d), 945, 125 A. L. R. 1152.

59 C. J. 986.

Such an interpretation would assure the State an appeal under our Code of Criminal Procedure, and should be adopted if the whole of the Act will permit.

We have tried to envision a situation in a criminal case arising after conviction wherein there could be a final judgment and no sentence. Such a judgment, it would appear, might be entered where a defendant had been convicted of an offense which permitted of his probation. But the lawmakers have anticipated this situation and inferentially, at least, have indicated that the order made by the Court, as to a defendant after conviction and at the time of probation, is not a final order unless so made by legislative enactment. Section 13452-9 GC anticipates the question and provides:

"For the purposes of proceedings in error, the order suspending the imposition of sentence and placing the defendant on probation authorized by this chapter, shall be deemed the final order from which such proceedings may be prosecuted."

This section was not amended to conform to the New Appellate Review Act of 1936, but in probability, would by the terms of the Act, §12223-1 GC, be construed as an appeal on questions of law.

The Court in Commonwealth ex Paige v Smith, (Pa.), 198 Atl. 812, held that basically, the order suspending sentence in a criminal case was not a sentence but an interlocutory order but, under certain enabling statutes of the state, the defendant would have an appeal. In Miller v Aderhold, 288 U. S., 206, 210, 211, Justice Sutherland states:

"In a criminal case final judgment means sentence."

In Ohio Appellate review is provided from judgments and final orders only, which lends support to the theory that the Legislature in the use of "sentence and judgment" in §13459-4 GC was merely using a term signifying final order or judgment.

We give some attention to the sections following §13459-4. §13459-5 GC, provides:

"Before the filing of such notice of appeal or the motion for leave where leave must first be obtained **a copy thereof must be served upon the prosecuting attorney.** Such notice shall contain a description of the **judgment** as to identify it and when leave to file is sought of the time and place of hearing." (Emphasis ours.)

If the provision that "a copy thereof" be served upon the prosecuting attorney includes a copy of the notice of appeal the section would cast much doubt upon the question whether or not any of the foregoing sections contemplated a notice of appeal being given by the state from a judgment against it. It would be incongruous for the prosecutor to serve a notice on himself. It is probable that the provision that "a copy thereof" be served upon the Prosecuting Attorney means a copy of the motion for leave to file the appeal when such leave is necessary. We can conceive of no situation where the state would have any grounds for leave to file a notice of appeal after 30 days from an adverse judgment.

Likewise, §13459-6 GC, is somewhat disconcerting because no order therein mentioned would be contemplated on an appeal by the state and also, because, in the first sentence, in addition to the orders which the reviewing court may make, it is further provided in the conjunctive "and order the accused to be discharged or granted a new trial". This section, however, could not in terms limit or define the extent to which the Court of Appeals might exercise its jurisdiction conferred by the Constitution. §13459-5 GC is a new section.

Section 13459-14 GC, provides that:

"Whenever a court superior to the trial court, renders judgment adverse to the state in a criminal case or proceed-

ing, the state may institute an appeal to reverse such judgment in the next higher court, by either the prosecuting attorney or the attorney general." .

This section does not provide for a review in the Court of Appeals from a judgment of the trial court and presents a somewhat anomalous situation, in that it is unusual and somewhat difficult of explanation that those who framed the law would not make some specific provision for effectuating such an appeal by the state. **Sec. 13459-14** has been on the statute books for many years, not only since the Criminal Procedure Act of 1929, but long prior thereto, as have many of the other sections carried into the New Appellate Code, changed only to conform to the new type of appeal.

In 1885 the Supreme Court held in **Wagner v The State, 42 Oh St. 537,** that the State had no right of appeal from an order sustaining a motion to quash an indictment. The decision points out that the powers of the district Court to reverse for error in such cases is broader than the power conferred upon the Supreme Court.

In 1927, the Court of Appeals of Pike County, **State v Blair, 24 Oh Ap 413,** Judge Mauck writing the opinion, held that:

"A judgment discharging the accused on demurrer to indictment may be reviewed by the state on proceeding in error, and if indictment is sufficient judgment may be reversed and defendant tried on the merits."

The language of the applicable sections of the Code as to proceedings in error were substantially the same as those we now consider.

Judge Mauck further makes comment appropriate to the instant case,

"That it is desirable that the state enjoy the right to review such a judgment as that involved herein is apparent. If the indictment is sufficient and the trial court is in error in sustaining the demurrer, there is certainly no good reason why the state should not have the right to try out the facts in issue and vindicate its laws if the accused has violated them;

otherwise the error of the trial judge may result in an arbitrary denial of the state's right to prosecute one properly and adequately charged by a grand jury of law breaking." Citing State v Bouknight, 55 S. C., 353; 33 S. E. 451.

We frankly concede that the question here under consideration is not free from doubt; but, in view of the trend of decision as to the right of the State to prosecute an appeal from an adverse appealable order and the knowledge of the lawmakers of this fact when the New Appellate Code was enacted, it is our judgment, that the language of the section under consideration, §13459-4 GC permits the interpretation that the State is given 30 days from the adverse judgment or final order within which to file its appeal. This interpretation may be given the section either by construing "sentence and judgment" as meaning judgment or final order and as synonymous with "judgment" as employed in former section, 6212-20 GC, or by reading "and" in the section as "or".

The motion to dismiss the appeal will be overruled.

BARNES, P. J:, concurs.

GEIGER, J., dissenting:

I find myself unable to concur in the majority of the Court. This I regret. I shall set out the reasons for my dissent as briefly as possible. I shall not enter into any lengthy argument with the majority on those principles advanced in their opinon.

Briefly, the matter before the Common Pleas Court was a motion to quash the indictment against the defendant herein and his associates. The grand jury, in the first count, charged that the defendants, with intent to defraud the City of Columbus, made and presented to the Auditor a false bill for certain sums for natural gas, which bill was false in that the city had not used the volume and value of the natural gas set forth in said bill. The defendants by means of adulterating the gas by the injection of certain quantities of inert gas, supplied to consumers and to the city, not the product of natural gas, but gas wholly lacking in heat units, and were thereby guilty of violation of the statute.

The second count of the indictment charges the defendant with receiving payment from the Treasurer of the city upon the aforesaid false bill as set forth in the first count. The Court under date of February 8, 1943, decreed that the motion of the defendant to quash the indictment be sustained, and the indictment quashed, and ordered that the defendant be discharged and the proceeding dismissed as to him.

It is agreed by all parties that whatever order may have been made in reference to one defendant as appears in the docket and journal entry, relate to all other defendants involved in this matter.

On March 6, 1943, notice of appeal was filed by the Prosecuting Attorney as to all defendants and the matter now comes before this Court upon a motion of the defendants to dismiss the appeal on the ground that the same was not filed within the time prescribed by statute.

The majority correctly states the factual matters in relation to said appeal, and asserts that the "narrow question presented is whether or not the procedure as to the time within which the notice of appeal shall be given by the state of Ohio is prescribed by statute §13459-4 GC." The defendants assert that §13459-4 does not apply, but that §12223-7 is the controlling section.

Section 12223-7 is found under the title, "Procedure on Appeals" which treat of civil procedure, although not so designated. Section 13459-1 et seq., are found in the chapter relating to criminal procedure.

The entry providing that the indictment be quashed and the defendants dismissed is a final order under §12223-2, so that we are not now obliged to consider whether the order of the Court is final.

We have had the question before us in this case as to whether a former appeal was from a final order.

Section 13459-4, which the Prosecutor urges is controlling in this matter, is as follows:

"Such appeal, unless otherwise provided, may be filed as a matter of right within thirty days after the sentence and judgment * * *."

Section 12223-7, under the general chapter upon procedure on appeal, provides:  ·

"The period of time after the entry, order, judgment, decree or other matter for review within which appeal shall be perfected, unless otherwise provided, is as follows: (1) In appeals to the Supreme Court, Court of Appeals * * * within twenty (20) days * * * ."

This is the section which defendants claim requires that the appeal be filed within twenty days, which was not done.

The majority of the Court start with the assumption that the appellate procedure in criminal cases will be under those sections codified under criminal procedure. The majority, after pointing to the fact that §13459-4 is the section within which the notice of appeal shall be filed and which must be controlling, if applicable, states:

"The language from which the difficulty arises on the instant appeal is 'after sentence and judgment'."

"If this language be given strict construction, then it must be said that the order of judgment in the instant case will not be included within the words 'sentence' and 'judgment', because in no conception of the words can the order here under consideration be designated as a sentence."

The Court then cites the case of **Ohio v Grisafulli, 135 Oh St 87,** the first syllabus of which reads:

"**Section 12223-7 GC,** providing that an appeal to the Supreme Court must be perfected within twenty days is without application to felony cases."

In passing, we point to the fact that the only comment upon the matter involved in paragraph 1 of the syllabus, "§12223-7 GC, providing that an appeal to the Supreme Court must be perfected within twenty days is without application to felony cases", is the statement of Zimmerman, J.,

"In allowing appellants' motion for leave to appeal and in overruling the motion of the state to dismiss the appeal as a right, this Court reached the conclusion that §12223-7 GC, does not apply to felony cases, and is still of the same opinion. **Section 13459-7 GC,** a part of the Code of Criminal Procedure, is controlling."

**Section 13459-7** relates exclusively to an appeal sought to be filed in the Supreme Court and has no specific reference to

an appeal filed in the Court of Appeals. We concede that the same reasoning relating to an appeal to the Supreme Court would probably control appeals to the Court of Appeals.

Section 12223-7, relating to the time for perfecting an appeal, provides that appeals to the Court of Appeals shall be perfected within twenty days.

Section 13459-4, found in the criminal procedure on appeals, provides that the appeal may be filed within thirty days **after sentence and judgment.** In the case at bar there has been no sentence, the only judgment being that sustaining the motion to quash the indictment and defendants dismissed. If it is true that the appeal in a criminal case may be taken within thirty days after sentence and judgment, we are forced to seek some reason for permitting an appeal where there has been no sentence. The majority of the Court advances the ingenious theory which in proper cases has judicial support, that the word "and" may be read "or". This would permit the reading of §13459-4, "Such appeal may be filed as a matter of right within thirty days after sentence or judgment."

It is broadly asserted by the majority that otherwise in many cases there could be no appeal by the state on important questions for the reason that no "sentence" had been imposed, and this is urged as an illustration of a failure to preserve to the state its right to an appeal unless the word "and" may be used interchangeably with the word "or".

We know of no reason why in criminal procedure any right other than that provided by statute should be given to the state to perfect an appeal affecting the rights of a defendant. It is proper, of course, that the defendant have a right to appeal from all final orders adversely affecting his interest, but there is no rule by which the same favor may be granted to the state. It is true that in the case of **Eastman v State, 131 Oh St 1,** it is held that under the provision of Article IV, the Court of Appeals has appellate jurisdiction to review judgments of the Court of Appeals, and that these jurisdictional provisions are equally applicable to civil and criminal cases with the exception named. Weygandt, C. J., delivering the opinion of the Court, in speaking of the constitutional provision controlling appeals, said (page 5):

"This language contains no intimation of the distinction between civil and criminal cases and is so simple, unambiguous and comprehensive as to require no construction."

We might well apply the Chief Justice's comment upon the fact that the constitutional provision is so simple as to

require no construction, to the provision of §13459-4 that "such appeal * * * may be filed as a matter of right within thirty days **after sentence and judgment".** Certainly there could be no plainer language than the statement that the appeal may be made as of right within thirty days after sentence and judgment. We can profitably consider the sections found in the chapter in reference to sentence and procedure thereunder to ascertain what is meant by the phrase "sentence and judgment". These sections are **13451-1 et seq.** The first section provides that before sentence is pronounced the defendant must be informed by the Court of the verdict of the jury and asked whether he has anything to say why **judgment** should not be pronounced against him.

**Section 13451-4** provides,

"If the defendant does not show sufficient cause why judgment should not be pronounced. the Court shall pronounce the judgment provided by law."

Of course no sentence can be imposed unless there is prior conviction.

I recognize the strength of the opinion of the majority, but cannot bring myself to concede that in a criminal case there is any obligation upon the part of a court to so interpret a statute as to permit the state to secure an appeal where the same is not clearly indicated. The very theory of the criminal law is that the defendant should not be unnecessarily harassed, and, of course, should not be put twice in jeopardy. We all know that it frequently occurs that justice is outraged by an acquittal of a defendant who should have been convicted, but the state has no recourse in such a case to appeal or to secure a new trial. So in a case such as is involved in the present controversy, where the defendant has not been sentenced, the State has no right to appeal. It may be possible that the Legislature had overlooked this situation, but it was equally possible that the Legislature was of the opinion that until there had been a conviction there should be no appeal by the State to a higher court. It may be said that the thirty day provision for an appeal, applying as it does to the right of the State to appeal, can be of no efficacy unless there has been a sentence. That is true, but, what of it? It simply amounts to stating that if the defendant has been acquitted he shall not be further harassed. If the State has failed to convict, the defendant shall not be harassed by a proceeding on appeal. This seems to be a very logical position for the Legislature to assume.