**STATE, Appellant, v. AHLBRANDT, Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6672. Decided July 1, 1946.

John D. Ellis, Cincinnati, Robert J. Paul, Cincinnati, Harry Meier, Cincinnati, for appellant.

Ragland, Dixon & Murphy, Cincinnati, for appellee.

## OPINION

By HILDEBRANT, P. J.

The conviction of defendant, on trial by jury in the Municipal Court of Cincinnati, was reversed and remanded for new trial by the Common Pleas Court, the language of the judgment and mandate being as follows:—

"This cause came on for hearing upon the appeal of Appellant, the transcript, and the original papers and pleadings from the Municipal Court of the City of Cincinnati, Ohio, and was argued by counsel; on consideration whereof, the Court finds that there is error apparent upon the face of the record to the prejudice of the Appellant.

IT IS THEREFORE CONSIDERED by the Court that the judgment of the aforesaid Municipal Court of Cincinnati, Ohio, be reversed and held for naught.

IT IS FURTHER ORDERED that the said Appellant be granted a new trial.

To all of which Appellee excepts."

It is assigned as error here that the Court failed to comply with §12223-21 GC, requiring the reviewing Court to state the error or errors found in the record upon which the judgment of reversal is founded.

It is argued that the above section of the Code does not apply in a criminal case, and that is the question to be determined here.

In 116 Ohio Laws, 104, House Bill No. 42 is entitled:

"AN ACT
To establish a simplified method of appellate review; to enact §§12223-1 to 12223-49 inclusive; to amend §§11560, 11562, 11564, 11571, 11572, 11604, 13459-3, 13459-4, 13459-5, 13459-6, 13459-7, 13459-8, 13459-9, 13459-10, 13459-11, 13459-14, x x x x of the General Code."

It is therefore apparent that the legislature intended the appellate review act to be amendatory of and include within the scope of its application appeals in criminal cases, not otherwise specifically covered by the provisions on appeals in the Code of Criminal Procedure. By §12223-3 GC, it is provided:— "Every final order, judgment or decree of a court x x x may be reviewed as hereinafter provided, unless otherwise provided by law x x x"

The chapter on appeals in the code of criminal procedure does not "otherwise provide by law" for what the mandate shall contain in case of a reversal. Sec. 12223-1 GC, provides:

"1. The word 'appeal' as used in this act shall be construed to mean all proceedings whereby one court reviews or retries a cause determined by another court, an administrative officer, tribunal, or commission.

"The (words) 'appeal on questions of law' shall be construed to mean a review of a cause upon questions of law including the weight and sufficiency of the evidence and shall include all the proceedings heretofore and otherwise designated in the General Code as proceedings in error.

x x x x x"

Sec. 13459-6 GC, in the chapter on appeals under the Code of Criminal Procedure, setting forth what judgment may be rendered is amendatory of §13459-6 GC, as found in 113 Ohio Laws, 213, and merely substitutes the term "appeal" for "proceedings in error." It, therefore, appears that §12223-1 et seq., GC, applies to appeals in criminal cases, unless otherwise pro-

vided by law in the chapter on Appeals in the Code of Criminal Procedure.

That §12223-21 GC, applies to criminal cases was held in **State v Brunswick, 69 Oh Ap 407.** See page 413, In **State of Ohio v Gossler, 40 Abs 587,** the first paragraph of the syllabus states:

"Sec. 12223-1 to 12223-49 GC, treat of civil appellate procedure in so far as they are specific, though not so designated, but their application to criminal procedure is not precluded if the language in the light of the whole appellate act so requires, but the assumption is that appellate procedure in criminal cases will be found in §§13459-1 to 13459-14 GC, dealing with appellate criminal procedure."

In **City of Akron v Huber, 78 Oh St 372,** Judge Shauk indicates at page 374, that when the mandate fails to specify the grounds of reversal, as required, the judgment should be vacated and the cause remanded for the performance of that duty if necessary on the state of the record.

Here, it is impossible for the Municipal Court to know from the mandate upon what errors the judgment of reversal is founded.

Sec. 12223-39 GC, has been noted by the Court and considered as merely cumulative.

The judgment of the Common Pleas Court is, therefore, vacated, and the cause remanded to that Court for correction of the mandate to the Municipal Court by stating therein the grounds of reversal.

HILDEBRANT, P. J., MATTHEWS & ROSS, J. J., concur in syllabus, opinion & judgment.