**STATE, Plaintiff-Appellant, v. DEAN, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5983.   Decided August 5, 1958.

334

Samuel L. Devine, Pros. Atty., Earl W. Allison, Jr., George Wolfe, Asst. Pros. Attys., Columbus, for plaintiff-appellant.

Robert C. Jack, Columbus, for defendant-appellee.

(HORNBECK, J, of the Second District, sitting by designation in the Tenth District.)

## OPINION

By HORNBECK, J.

Submitted on motion of defendant-appellee to dismiss the "purported appeal for the following reasons":

1. The Common Pleas Court of Franklin County lost jurisdiction of the defendant-appellee and their case No. 29648 prior to the filing of the purported entry which is the subject of this attempted appeal.

2. This court does not have jurisdiction of the person or the subject matter of this attempted appeal.

3. The Prosecuting Attorney of Franklin County elected the remedy for the State of Ohio in November, 1956, his attempted appeal is not timely and he is now estopped from further delaying this cause, and unlawfully confining this defendant-appellee.

4. The Prosecuting Attorney of Franklin County has not complied with the statutory requirements for an attempted appeal herein.

5. The purported journal entry of the Franklin County Common Pleas Court filed on June 23, 1958 is not a final judgment from which the State of Ohio can appeal.

The order to which the notice of appeal is directed is the sustaining of the motion of appellee, defendant below, for a new trial.

The judge who heard and decided the motion had made his finding that it would be sustained, but the formal entry effectuating the finding was not filed until June 23, 1958. Because of a proceeding in the Supreme Court seeking to prohibit the judge who heard the motion from proceeding further in the matter, he had declined to formalize his order. The entry journalizing the order was signed by the presiding judge of the same court of which the judge who decided the motion was a member. We assume that the presiding judge had sufficient notation on the bench docket to enable him to approve the entry journalizing the order from which the appeal is taken. The appeal is regular in form and filed within any statutory period which could have application. The court

speaks through its journal, and notwithstanding the delay in preparing the entry sustaining the motion for a new trial, until it was prepared and filed, the State had no order from which its appeal could be taken.

This brings us to consideration of the fifth and second branches of the motion to dismiss. It is urged that the order to which the notice of appeal is directed is not a judgment within concept of §§2953.02 and 2953.05 R. C. If the court abused its discretion in sustaining the motion for new trial, it would clearly be a final order if the rule in civil cases applies. **Hoffman v. Knollman, 135 Oh St 170,** second paragraph of syllabus: **Webster v. Pullman Co., 51 Oh Ap 131; 2 O. Jur. 2d, 641, 643.** These are citations from civil actions but in view of the provisions of §2953.02 R. C., no good reason appears to differentiate them from criminal actions. **Sec. 2953.02 R. C.,** authorizes an appeal in criminal cases from the Common Pleas Court to the Court of Appeals from "a judgment or final order of a court * * * inferior to the court of appeals."

A more serious question arises because of the language in §2953.05 R. C., which we discuss in **State v. Gossler, et al., 40 Abs 587.** The tenor of the majority opinion in **State, ex rel. v. Harter, 167 Oh St 51, 54,** is to the effect that there is no doubt about the right of the State to appeal from the action of the trial judge in granting the motion for a new trial. It may be that the State had some misgivings as to its right to appeal when the proceeding had only reached the stage where the motion for new trial was sustained, which might explain the action in prohibition instead of an appeal.

This disposes of the fifth and second branches of the motion. The first branch of the motion is based upon the claim that in returning defendant Dean to the jurisdiction of Franklin County he was denied the benefit of an extradition hearing in violation of the Fourteenth Amendment to the United States Constitution and **Section 16, Article I, Ohio Constitution.**

The question thus raised, if pertinent at all, should be considered on the merits of the appeal and not on a motion to dismiss the appeal which is regular in form and noted from what is claimed to be a final order.

The third branch of the motion must be overruled. It is obvious that the election of the Prosecuting Attorney of an improper procedural remedy will not preclude his invocation of the proper remedy.

In support of the fourth branch of the motion §2945.68 R. C., is cited. If this statute has application to any aspect of this case, it cannot relate to the right of appellant to lodge his appeal in this court. It only purports to relate to the manner of filing the bill of exceptions. It does not affect jurisdiction. An appeal may be and frequently is determined without a bill of exceptions.

We find no ground of the motion to dismiss the appeal well made. It will be overruled in all branches.

PETREE, PJ, MILLER, J, concur.